GIBBS, Admx., etc., vs. LARRABEE.

*Arrest.*

In an action by the personal representatives for injuries to the decedent causing his death (R. S. ch. 135, § 12), the defendant is not liable to arrest.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff, as administratrix of the estate of her deceased husband, brought this action under the statute to recover damages, alleging that his death was caused by the negligent and wrongful act of the defendant. Upon the summons and complaint, and an affidavit of the plaintiff, an order of arrest was obtained, and the defendant, in default of bail, was committed for trial. A motion to vacate the order of arrest was denied, and from this order defendant appealed.

*Felker & Weisbrod,* for appellant :

The words "injury to person or character," in chapter 127, evidently refer to the person of the party who is plaintiff in the suit. But the gist of this action is the *pecuniary* loss to the plaintiff, and not a personal injury or wrong. R. S. chap. 135, §§ 12, 13. A cause of action for an injury to the person is not assignable, even under the Code. *People v. Tioga,* 17 Wend. 73; *McKee v. Judd,* 12 N. Y. 622; *Quin, Adm'r, v. Moore,* 15 id. 432; *Butler v. R. R. Co.,* 22 Barb. 110. But the cause of action given by sections 12 and 13 of chapter 135, *is* assignable. *Quin, Adm'r, v. Moore,* 15 N. Y. 432; *Railway Co. v. Barron,* 5 Wallace, 90; *Blake v. Midland Railway Co.,* 10 Eng. L. and Eq. 437; *Ainsworth v. South-eastern R. R.,* 11 Jurist, 758. The inference is plain, therefore, that the action is grounded, not on any injury or wrong sustained by the plaintiff, either in person or personal feelings, but only on the pecuniary damage or loss accruing to his relatives from the decedent's death. *Safford v. Drew,* 3 Duer, 627, 633;

*Lucas v. N. Y. Cent. R. R.*, 21 Barb. 245; *Oldfield v. N. Y. and Harlem R. R.*, 3 E. D. Smith, 103.

*W. B. Felker*, for respondent, argued that this was clearly an action of tort. Hilliard on Torts; 2 Bouv. Law Dic. 600. The defendant, therefore, was liable to all the incidents of such an action, including the liability to arrest. *Cotton v. Sharpstein*, 14 Wis. 226; *The Matter of Mowry*, 12 id. 52. The right of action which survives to the personal representatives under the statute, is the same as would have been the common law right of the deceased, if he were living. *Quin v. Moore*, 15 N. Y. 432; *Oldfield v. N. Y. & Harlem R. R. Co.*, 14 id. 317. The liabilities of the defendant, therefore, must be the same as if the actions were brought by the persons actually injured. The only difference made by the statute is in respect to the rule of damages; but this does not impair any other remedy incident to the action as being one of tort.

DIXON, C. J. There can be no arrest in a civil action in this state, except as prescribed by the statute. R. S. ch. 127, § 1. The liability of the defendant to arrest in this action depends altogether upon the words of the statute found in subdivision 1, section 2, of the same chapter, "where the action is for an injury to person or character." It is not claimed that the order for arrest can be otherwise sustained, and the only question is whether the action is for an injury to person. It is clearly not an action for an injury to the person of the plaintiff. Is it an action for an injury to the person of the deceased? In *Woodward v. The Chicago & Northwestern Railway Co.*, *ante*, p. 400, this court said, in reference to actions of this nature, that "by the common law the death was a bar to any recovery against the guilty or negligent party, and the legislature, by declaring that he shall remain liable to an action notwithstanding the death, may in some sense be said to have declared that the same cause of action shall survive, *though based on a somewhat dif-*

*ferent principle, and with a right of recovery in some respects beyond that which the deceased would have if she had lived."* What is the real basis of this action? In the language of the statute by which the action is given, it is "the pecuniary injury resulting from such death to the relatives of the deceased;" and it is for such pecuniary or consequential injury, and not for the injury to the person of the deceased, though the remote cause, that the action is brought. We are compelled to hold, therefore, that the action is not one of those specified in the statute, in which an order for arrest may be made, and that the order of the circuit court refusing to vacate the order for the arrest, was erroneous, and must be reversed.

*By the Court.*—Order reversed.