## WAGNER vs. LATHERS.

*Liability to arrest in civil action.*

1. In this state the defendant in an action is not liable to arrest except in cases where his arrest is authorized by statute.
2. An action for the seduction of plaintiff's daughter is not one "for an injury to the person or character;" and defendant therein is not liable to arrest. *Delamater v. Russell*, 4 How. Pr. 234, and *Straus v. Schwartzwaelden*, 4 Bosw. 627, criticised.

APPEAL from the Circuit Court for *Rock* County.

Action for the seduction of plaintiff's daughter. The defendant was arrested by order of a court commissioner, and appealed from an order of the court

refusing to set aside such order of arrest. The affidavits on which the arrest was ordered, did not state that defendant was " not a resident of this state," or that he was " about to remove therefrom."*

*Todd & Converse*, for appellant, argued that the gist of the action is the *loss of service* (*Nickerson v. Stryker*, 10 Johns. 115 ; *Bartley v. Richtmeyer*, 4 N. Y. 38 ; *Dain v. Wycoff*, 7 id. 191 ; *Millar v. Thompson*, 1 Wend. 447) ; that the " injury to person" spoken of in sec. 2, ch. 127, R. S., means an injury to the person of *the plaintiff* (*Gibbs v. Larrabee*, 23 Wis. 495, and cases there cited) ; and that this is not an action such as is there defined. They distinguished the case of *Delamater v. Russell*, 4 How. Pr. R. 234, which was an action for *crim. con.*, and was decided with reference to the division of the rights of persons into absolute and relative, and the idea that adultery is a violation of the second class of personal rights, i. e., an injury " offered to a person considered as husband." 3 Blacks. Com. 139. Counsel contended that the decision, even if correct, was not applicable to this case ; and that it was erroneous.

*Bennett & Norcross*, for respondent, to the point that the action should be regarded as one for an injury to the person or character of the father, cited 3 Blacks. Com. 141, 143 ; *Moran v. Dawes*, 4 Cow. 412 ; *Delamater v. Russell*, 4 How. Pr. 234 ; 1 Till. and Sh. Pr. 558 ; 1 Tiff. and Sm. Pr. 226 ; Voorhees' Code, 232, note ; 2 Greenl. Ev. § 509 ; *Bartley v. Richtmeyer*, 4 N. Y. 38 ; *Straus v. Schwartzwaelden*, 4 Bosw. 627 ; *Lipe v. Eisenlerd*, 32 N. Y. 229.

PAINE, J. This case presents the single question whether, in an action for the seduction of the plain-

---

* Sec. 2, ch. 127, R. S., provides that the defendant may be arrested. " 1. In an action for the recovery of damages, on a cause of action not arising out of contract, when the defendant is not a resident of the state, or is about to remove therefrom, or when the action is for an injury to person or character, or for injuring, or for wrongfully taking, detaining or converting property."

tiff's daughter, the defendant is liable to arrest. This depends entirely upon the question whether that is one of the class of actions in which an arrest is authorized by the statute, inasmuch as otherwise there can be no arrest. *Gibbs v. Larrabee*, 23 Wis. 495.

It is not contended that it is within the statute unless it can be regarded as an action for " an injury to the person or character" of the plaintiff. We do not think it can be so regarded. It is clearly not an action for an injury to the plaintiff's person ; and it is almost equally clear that it is not an action for an injury to his character. However much the wrong complained of might injure his feelings, it can have no legitimate tendency to injure his character. And the law does not recognize any such injury as one of the elements of the cause of action. On the contrary, the action is founded upon the loss of service, and the expense to which the plaintiff is subjected by the injury to the child. So that, after the child is of age, unless the relation of master and servant still continues, the father would have no right of action whatever. Yet the fact would have just as much tendency to injure his character in the one case as in the other. And if the action can be regarded as one for an injury to character, it would seem difficult to show why it ought not to be sustained whenever the injury was committed, without regard to the existence of the relation of master and servant.

It seems quite obvious, that in speaking of actions for injuries to character, the statute had reference only to actions for libel and slander, the established remedies for such injuries.

The case of *Delamater v. Russell* is in conflict with our conclusion ; but we do not think it was correctly decided. It seems to construe the words " for an injury to person," as equivalent to the words " for an injury to personal rights." And under the latter phrase it includes the relative as well as the absolute rights of

the person. This seems to be rather making than con-struing the law. That the words "an injury to per-son," were not used in any such extensive sense, is obvious from the language of the statute itself. In addition to these it also authorizes an arrest for an injury to character, or for injuring or wrongfully taking, detaining or converting property. An injury to character is an injury to a personal right, even upon the distinction between rights of persons and rights of things. But the right of property itself is one of the absolute personal rights. 1 Blackstone, 138. So that if the words "an injury to person" were intended as equivalent to the words "an injury to personal rights," they would alone have covered the whole ground, and included all the other cases specified in the statute. The additional language, particularly the express mention of an injury to character, shows clearly that the legislature did not use them in such a sense.

Although in *Straus v. Schwartzwaelden*, 4 Bosworth, 627, the decision in this case was followed, yet the chief justice quite distinctly intimates that if it were a new question, his opinion would be different. We do not think these authorities show any such established construction of the provision as requires or makes it expedient for this court to adopt it, at the expense of committing what seems to us an encroachment upon the province of the legislature.

The order appealed from must be reversed.

*By the Court.*—Order reversed.