Dora L. Morgan *vs.* Sophie Martin.

Androscoggin.    Opinion November 29, 1898.

*Married Woman.    Action.    Seduction.*

A married woman cannot maintain an action against another woman for alienation of the affections of the husband of the former.

*Doe* v. *Roe*, 82 Maine, 503, affirmed.

On Exceptions by Plaintiff.

Case for alienating the affections of the plaintiff's husband.

(Declaration.)

In a plea of the case, for that whereas the said defendant unjustly contriving, and intending to injure the plaintiff and to deprive her of the aid, comfort and society of her husband, Howard E. Morgan, and to alienate his affections from her, heretofore, on or about the first day of July, A. D. 1897, and divers other days between that day and the day of the purchase of this writ at said Auburn, wrongfully, willfully and maliciously did entice away the said Howard E. Morgan, from his home and family, and from the society of his said wife, the plaintiff, and did wrongfully persuade the said Howard E. Morgan to go to the home of the said defendant and there remain for a long space of time on divers days between the said first day of July and the date of the purchase of this writ; the said defendant well knowing that during said times aforesaid, the said Howard E. Morgan was the lawful husband of the said plaintiff, and was living with the said plaintiff as such, until persuaded by the defendant to leave his said wife and his home and family, whereby and by reason of the acts of the said defendant, the said husband, Howard E. Morgan, did leave and

desert his said wife, and went to the home of the said defendant, and has never since returned to his said wife, although entreated so to do, and thereby the affections of the said Howard E. Morgan, for his said wife, the plaintiff, has been wholly alienated and destroyed; by means whereof the said plaintiff has wholly lost the comfort, society and assistance of her said husband, Howard E. Morgan, in her domestic affairs, which the said plaintiff ought to have and otherwise would have. To the damage of the said plaintiff as she says the sum of five thousand dollars.

The court having sustained a demurrer to the declaration, the plaintiff took exceptions.

*D. J. McGillicuddy and F. A. Morey,* for plaintiff.

The action is maintainable: *Seaver* v. *Adams,* 66 N. H. 142, (1890); *Foot* v. *Card,* 58 Conn. 4; *Bennett* v. *Bennett,* 116 N. Y. 584; *Van Olenda* v. *Hall,* 88 Hun, 452; *Manwarren* v. *Mason,* 79 Hun, 592; *Eldredge* v. *Eldredge,* 79 Hun, 511; *Warren* v. *Warren,* 89 Mich. 123; *Price* v. *Price,* 91 Iowa, 693; *Hayes* v. *Nowlan,* 129 Ind. 581; *Holmes* v. *Holmes,* 133 Ind. 386; *Westlake* v. *Westlake,* 34 Ohio St. 621; *Bassett* v. *Bassett,* 20 Ill; *Clow* v. *Chapman,* 125 Mo. 101.

The only two cases now remaining against the maintenance of such actions are, *Duffies* v. *Duffies,* 76 Wis. 374; *Doe* v. *Roe,* 82 Maine, 503.

In the Wisconsin case the court was divided, a very strong dissenting opinion being written. This case was afterwards particularly considered by the court in Michigan in the case of *Warren* v. *Warren,* 89 Mich. 128, and the doctrine in favor of maintaining the action was clearly and emphatically laid down in an exhaustive opinion. See also Bigelow on Torts, p. 153; Cooley on Torts, p. 228.

The latest case affirming the doctrine for which we contend is from the Supreme Court of Pennsylvania, *Gernerd* v. *Gernerd,* 39 Atl. Rep. p. 884, opinion dated March 28, 1898.

*Tascus Atwood,* for defendant.

Once open the door for this class of litigation and the way is paved for countless lawsuits and family dissensions. The common

courtesies of life now commended would often be instrumental in bringing trouble.

A wife and husband acting in collusion would have a splendid equipment for levying blood money from women of wealth.

Impulsive and emotional women encouraged by meddlers and hungry attorneys would fancy causes of action where none existed and encouraged by the new interpretation of law would seek vengeance for fancied wrongs.

Public policy and good morals demand that this demurrer be sustained and Justice WALTON'S sound views as expressed in *Doe* v. *Roe*, 82 Maine, 503, receive the indorsement of the court the second time.

If it be said, in this case, there are no such grave accusations as in the Maine case cited, then I reply "the greater includes the smaller" and certainly if action is denied in the greater it must be in the smaller.

SITTING: PETERS, C. J., EMERY, HASKELL, STROUT, SAVAGE, JJ.

STROUT, J. This is an action by a married woman against another woman for alienating the affections of plaintiff's husband. The cause comes up on exceptions to a ruling sustaining a demurrer to the declaration.

This court held in *Doe* v. *Roe*, 82 Maine, 503, that such suit could not be maintained. We are aware that in some jurisdictions it is held otherwise; but we are satisfied with the reasons given in that case, and adhere to them. As said in that case, "an action in favor of the husband for the seduction of his wife has been regarded of doubtful expediency." Such actions "seem to be better calculated to inflict pain upon the innocent members of the families of the parties than to secure redress to the persons injured."

We are not disposed to enlarge the range of this class of actions.

*Exceptions overruled.*