**Virginia F. CAREY, Plaintiff,**

v.

**Cecil R. FOSTER, Defendant.**

Civ. A. No. 853.

United States District Court
E. D. Virginia,
Newport News Division.

Sept. 12, 1963.

Montgomery Knight, Jr., Norfolk, Va., for plaintiff.

Lewis H. Hall, Jr., Newport News, Va., for Foster.

L. S. Parsons, Jr., Norfolk, Va., for Royals.

E. Ralph James, Hampton, Va., for City of Hampton.

WALTER E. HOFFMAN, Chief Judge.

The narrow issue for consideration may be stated as follows:

Under Virginia law may a wife recover in an action, where her husband has been negligently injured by a third party, for loss to the wife of the services and companionship of the husband occasioned by the injuries?

As this action was originally maintained Richard J. Carey and Virginia F. Carey, husband and wife, filed a complaint to recover damages for their respective personal injuries, with each of said parties claiming loss of consortium as an element of damage. They were both injured on September 1, 1961, when involved in a head-on collision with a vehicle operated by Foster, in an area of a highway which was then under the course of construction or modification by the Department of Highways and the City of Hampton with the contractor, Clyde R. Royals, Inc., doing the actual construction work. Verdicts and judgments in favor of the City of Hampton and Clyde R. Royals, Inc., have been entered and are now final. Richard J. Carey, the operator of the automobile, was seriously and permanently injured and, as to his claim, the jury returned a verdict of $45,000.00 against Cecil R. Foster, the lone defendant held liable for the accident, which verdict the court approved and entered judgment thereon.

The injuries to Virginia F. Carey were superficial and, in answer to a special interrogatory, the jury fixed the amount of compensation for *her* injuries at $1000.00. There is no issue as to the correctness of this verdict.

All counsel took exception to the court's treatment of consortium. Manifestly, the Virginia statute precludes the husband's right to recover for loss of consortium, § 55–36, Code of Virginia, 1950,

as amended, and the jury was so instructed. However, with a jury trial in progress and without sufficient opportunity to study the authorities, the court, upon consideration of Ford Motor Co. v. Mahone, 4 Cir., 205 F.2d 267, tentatively adopted plaintiff's view of the law and submitted to the jury the following special interrogatory No. 6, with the result as noted:

"6. If you conclude that Virginia F. Carey is entitled to recover from any one or more of the defendants, what amount, if any, should she receive by way of compensation for the loss, if any, of her husband's services to her and her husband's companionship as a direct and proximate result of the accident of September 1, 1961?

"(Answer) $12,000.00."

Defendant, Foster, having duly noted his exceptions to that portion of the charge and the submission of special interrogatory No. 6 to the jury, has now moved to set aside the verdict. Judgment in favor of Virginia F. Carey has not been entered, although, as heretofore noted, no controversy exists as to the verdict of $1000.00.

For reasons hereafter stated, the jury verdict as to special interrogatory No. 6 must be set aside. Judgment will be entered in favor of Virginia F. Carey against Cecil R. Foster only in the sum of $1000.00, and the judgment order shall provide for interest and costs in accordance with the prior order entered in connection with the claim of Richard J. Carey.

■■ Since the jurisdiction of this court is predicated upon diversity of citizenship and the amount in controversy, the law of Virginia is controlling. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Virginia is a common law state, except where modified by statute. § 1–10, Code of Virginia, 1950; Newsom v. Fleming, 165 Va. 89, 181 S.E. 393. Counsel concede that, at common law, no right of consortium was ever vested in the wife.

Alsop v. Eastern Air Lines, Inc., E.D.Va., 171 F.Supp. 180; Hinnant v. Tide Water Power Co., 189 N.C. 120, 126 S.E. 307, 37 A.L.R. 889.

The question then resolves itself into a determination as to whether the Married Woman's Act, as amended, which removed the common law disability of a wife to sue and be sued in her own name, has conferred upon the wife a right to maintain an action in her name for the loss of consortium occasioned by injuries to her husband. If not expressly conferred by statute, should such a right now be granted by judicial interpretation?

The statute, § 55–36, as it now reads following the last amendment in 1950, is as follows:

"A married woman may contract and be contracted with and sue and be sued in the same manner and with the same consequences as if she were unmarried, whether the right or liability asserted by or against her accrued heretofore or hereafter. In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium, and any sum recovered therein shall be chargeable with expenses arising out of the injury, including hospital, medical and funeral expenses, and any person, including the husband, partially or completely discharging such debts shall be reimbursed out of the sum recovered in the action, whensoever paid, to the extent to which such payment was justified by services rendered or expenses incurred by the obligee, provided, however, that written notice of such claim for reimbursement, and the amount and items thereof, shall have been served on such married woman and on the defendant

prior to any settlement of the sum recovered by her; and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband."

In referring to the foregoing statute in a case arising in a different context, the Supreme Court of Appeals of Virginia said in Furey v. Furey, 193 Va. 727, 71 S.E.2d 191:

"The statute * * * being in derogation of the common law, was to be strictly construed and read as if the common law remained unchanged unless the purpose to change it appeared expressly or by necessary implication."

Perhaps it is the dictum from the majority opinion by Justice Miller in Floyd v. Miller, 190 Va. 303, 57 S.E.2d 114, which gives rise to the confusion. In a case arising prior to the 1950 amendment, the wife was injured and recovered a verdict and judgment in the sum of $8500.-00; said sum including an item of $1300.-00 for medical expenses occasioned by the injuries received. Subsequently it became necessary to appoint a committee for the wife and, in settling his account, the sum of $1302.80 was presented by the husband as a claim for medical expenses incurred by him, but recovered by the wife in the judgment aforesaid. The trial court disallowed the husband's claim holding that, under the statute as it existed prior to 1950, the sole right of recovery for medical expenses incurred by the wife was vested in the wife, and that such damages so recovered are not held for the husband's benefit.[1] In discussing the 1932 amendment, Justice Miller, after reviewing the history of the Married Woman's Act, makes this observation:

"In clear, positive and inclusive language, it enumerates and expressly gives to the wife the right to recover every item of damage incident to *her* injury. By language equally clear,

explicit and inclusive, it expressly provides that no action for any element of damage incident to *such* personal injury *of the wife,* can 'be maintained by the husband'.

"The amendment of 1932 is wholly devoid of implication or suggestion that any part of the damages recoverable by the wife is to be held by her for her husband's benefit, nor is any substantive right to maintain an action against his wife therefor created therein for the husband through implication or otherwise. Undoubtedly *his right to maintain an action against the tort feasor for any element of damage is taken from him and granted to the injured wife* as was the right to recover for domestic services of his wife taken from him and vested in her by the amendment in that respect made by the Code Revisors in the Code of 1919. The Revisor's Notes and Judge Burks' address, supra, definitely discloses that the Code Revisors purposely intended to deprive the husband of that element of damage, i. e., loss of domestic services, and vest it in the injured wife. The language of the amendment made by the Acts of 1932, Ch. 25, p. 21, and now a part of sec. 5134, is equally as clear and even more positive in its terms that its purpose and intent are to deprive the husband of the right to recover the other two elements of damage incident to *her* injury, i. e., *loss of consortium and all expenses chargeable to him which he had theretofore enjoyed, and vest these remaining two elements of damage in the injured wife."* (Emphasis supplied.)

It should be clearly noted that, in Floyd v. Miller, supra, the Virginia court is discussing what was taken away from the husband and vested in the wife *in an action for damages occasioned by injuries to the wife.* It is significant that the

---

1. The decision in Floyd v. Miller on January 16, 1950, prompted the 1950 amendment to what is now § 55-36 (formerly § 5134) thereby granting reimbursement to the husband or any other person who may have discharged such debts.

1950 amendment is silent on the subject of the husband's right to reimbursement for loss of services or consortium.

■■ The ultimate purpose running through the Married Woman's Act is to place the wife on an equality with her husband. Newsom v. Fleming, supra. It seems highly illogical to construe a statute which divests the husband of his common law right of recovery for loss of consortium as a result of his wife's disabilities caused by a negligently inflicted injury and, at the same time, permit the wife to recover for loss of consortium as the result of the husband's disabilities caused by a negligently inflicted injury— the latter being unknown at common law —without at least saying that the husband should be able to recover all damage done to him, including his now diminished ability to contribute to the marital relationship, i. e., the consortium which his wife previously enjoyed. To permit the wife to recover in this case would make her the exclusive treasurer for the marital right of consortium in Virginia.

In Ford Motor Co. v. Mahone, 4 Cir., 205 F.2d 267, the wife received a jury verdict in the sum of $234,330.00 for injuries received in an accident. In instructing the jury on damages the trial court said that the wife was entitled to recover for her bodily injuries, and *also for the loss of consortium on the part of the husband*. Chief Judge Parker, while the author of the opinion, expressly dissented from the views of the majority on the consortium issue. The other two members of the court, construing Floyd v. Miller, supra, held that there was no error in granting such an instruction on the loss of consortium and, in addition, there was no special interrogatory evaluating this item of damage. Judge Parker, in interpreting § 55–36, held that the statute does not mean that the wife may recover for the husband's loss of the wife's consortium, but merely means that there may be no recovery as to that element of damage and the wife is entitled to recover as though she were unmarried. He further stated, "The Virginia court has never decided, in a case in which the question was presented, that the wife might recover damages on account of her husband's loss of her companionship and society." This court agrees with Judge Parker's sound reasoning and his interpretation of the Virginia law, including Floyd v. Miller which was decided three years prior thereto.

We have no reason to doubt that, in an action instituted by the husband for injuries sustained by him, he may demonstrate as an item of damage under mental anguish to him that his normal marital life has been disrupted by his injuries. Likewise, in an action instituted by the wife for injuries received by her, she may prove as an item of mental anguish to her that her normal marital life has been disrupted by her injuries. But we do not agree with the majority in Ford Motor Co. v. Mahone, supra, which holds that, where a wife has been injured, she may recover for the husband's loss of consortium. And we most assuredly do not agree with the argument that a wife may recover for loss of consortium in an action wherein the husband has been injured and thereby rendered less able to perform his marital obligations. To permit such a recovery would invite a double recovery for we are without knowledge as to what proportion of the $45,000.00 awarded to Mr. Carey constituted his mental anguish occasioned by his inability to perform his marital obligations. The general rule is, as stated in 27 Am. Jur., Husband & Wife, § 514, p. 114:

"Whatever right a wife may have, by virtue of statutes removing her common-law disabilities to recover for loss of consortium of her husband as a result of injuries inflicted by a third person, does not extend to loss of consortium caused by mere negligent injury inflicted upon the husband. At least, in the absence of any statute expressly conferring it, a wife, even though able to sue and be sued as a feme sole, has no right or cause of action, as a general rule, for loss of consortium due to injuries negligently inflicted on her husband. She has no such cause of ac-

tion even under a statute preserving to her all rights of action growing out of violation of her personal rights. Her loss of consortium resulting from negligence is too remote and indirect to permit her to recover therefor, and hence, it is distinguishable from loss of consortium resulting directly from a wrongful act, as where her husband is wrongfully enticed, seduced, or forced away from her. Furthermore, damages to which the husband is entitled, in a suit for his injuries sustained through another's negligence, are supposed to be full compensation for his injuries, in which compensation his wife has the benefit, with the consequence that if the wife is permitted a separate recovery for her loss of consortium resulting from such injuries, there is, in effect, a double recovery for the same matter."

Since the Virginia cases heretofore cited, as well as Ford Motor Co. v. Mahone, applying the law of Virginia, are not factually identical with the present case counsel for the plaintiff ably argues that this court should chart a new course with a "twentieth century approach" to the question. Plaintiff relies upon Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, an action by the wife seeking a recovery for loss of consortium where the injury to the husband resulted from defendant's negligence. Factually the case is on all fours—however, the court was applying the District of Columbia married woman's property statute, § 30–208, D.C.Code (1940), reading in part:

"Married women shall have power to * * * sue separately * * * for torts committed against them, as fully and freely as if they were unmarried * * *."

In allowing the wife a recovery the court took cognizance of the "unanimity of authority elsewhere denying the wife recovery under these circumstances," citing 29 cases from 19 jurisdictions. The principal thesis justifying a recovery in Hitaffer is the fact that the husband's right to sue for loss of the wife's consortium in an injury to the wife remained intact. The court noted:

"* * * [T]he husband and the wife have equal rights in the marriage relation which will receive equal protection of the law. That these rights existed prior to the passage of the Married Women's Act cannot be doubted. The Act simply removed the wife's disability to invoke the law's protection."

Thus, according to the Court of Appeals for the District of Columbia, if the husband may recover for loss of consortium occasioned by an injury to the wife, the wife should be granted a like recovery for an injury to the husband, thereby establishing full equality. But, applying this principle to Virginia law, as the statute bars the husband's right to maintain such an action, to permit the wife to do so would be tantamount to a denial of equal protection of laws.

In the recent case of Novak v. Kansas City Transit, Inc., Mo., 365 S.W.2d 539, the Missouri Supreme Court reversed an earlier decision holding that the wife could not recover for the loss of consortium as a result of an injury to the husband. Again the reasoning was that the husband has the right to recover damages by way of loss of consortium where there has been a negligence invasion on the wife and, to establish equality, the Missouri court observed:

"The all-pervading and overwhelming fact is that the concept of the inferior status of the wife has been totally repudiated and for this court to perpetuate the erroneous denial of a right of a wife based upon that repudiated early common-law concept on the ground that if that manifest wrong is to be righted, it must be so done by the legislature, would be an improper avoidance of our judicial function."

To uphold the plaintiff's contention in the present case would be to advance the position of the wife from an inferior to su-

perior status—a move freely recognized by many husbands in jest or otherwise, but never yet acknowledged in law and certainly one that will have unascertainable repercussions.

On June 21, 1963, the Tenth Circuit, in an opinion by Judge Delmas C. Hill, substantially the precise question was presented in Criqui v. Blaw-Knox Corp., 318 F.2d 811. Kansas, by statute, had converted the husband's common law right to sue for loss of consortium into statutory law by vesting the claim solely in the wife for the benefit of the husband. A wife was denied recovery for loss of consortium resulting from a negligent injury to her husband. The Tenth Circuit assumed that Kansas would follow the weight of authority as to an unanswered state question. The court further noted:

"* * * [W]e do not believe that this court should lay down a new rule of substantive law in Kansas allowing recovery in the type of action involved here, and, thus, open up a 'new field of litigation' in that state."

In Seagraves v. Legg, W.Va., 127 S.E. 2d 605, the Supreme Court of Appeals of West Virginia decided the identical question as recently as October 16, 1962. As West Virginia derives its basic law from Virginia and adopts the common law of England, so far as it is not repugnant to the principles of the Constitution of West Virginia, except where altered by statute or otherwise altered by the General Assembly of *Virginia* prior to June 20, 1863, the decision is of utmost importance in considering the proper application of *Virginia* law. The opinion considers the various decisions from approximately seven states and the District of Columbia which have held to the contrary, but significantly points out that these states "do not have the same constitutional and statutory provisions as West Virginia, and are not committed by their constitution and statutory law to follow the common law unless it is changed, altered or repealed by the legislature, as is West Virginia."

Even where the husband is not deprived of the common law action to recover for loss of consortium where the wife is injured, there is no uniform pattern granting the wife a right of action where the husband is injured. In the recent case of Page v. Winter, 240 S.C. 516, 126 S.E.2d 570, the majority of the South Carolina court held that it was not the function of the judiciary to create a new common law action where none previously existed. In considering Hitaffer, the South Carolina court disputed the contention that the wife had a right of consortium at common law. If that right had existed, it could have been exercised by the simple joinder of the husband as a party plaintiff. The dissent points out that many jurisdictions which do not permit such an action are those in which the husband has no right to recover for loss of consortium due to the negligent injury to the wife.

Were it not for the fact that Virginia, by statute, has removed the husband's common law right to recover for loss of consortium where the wife is injured, there would be a temptation to follow the trend of equality, and thereby hold that the Married Woman's Act has effectively granted the wife the right to sue for loss of consortium where the husband is injured. However that may be, it is plain that § 55–36 did not intend to change the common law, other than to deprive the husband of his right of action for loss of consortium. Moreover, in line with Seagraves v. Legg, supra, the provisions of the constitutional and statutory law of Virginia may well preclude any such action. Irrespective of the correctness of Ford Motor Co. v. Mahone, the statute manifestly does not create a right of action in behalf of the wife for loss of consortium occasioned by injuries to the husband. It is the belief of this court that, for negligent actions arising in Virginia, there is no existing right of action for loss of consortium which can be maintained by the wife for injuries inflicted upon the husband, or by the husband for injuries inflicted upon the wife. The General Assembly of Virginia

is, of course, at liberty to grant such a right of action under its legislative power.

An order will be presented in accordance with this memorandum.