**CYRIL BENJAMIN, WILLIAM BENJAMIN and CLAIRE BENJAMIN, Plaintiffs**

v.

**CLEBURNE TRUCK & BODY SALES, INC., GOVERNMENT OF THE VIRGIN ISLANDS, and RAMSAY MOTORS, INC., Defendants**

Civil No. 1975/720

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 18, 1976

JOHN R. MAYER, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for plaintiffs*

GEOFFREY W. BARNARD, ESQ. (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for Cleburne Truck & Body Sales, Inc.*

HENRY L. FEUERZEIG, ESQ. (FEUERZEIG & ZEBEDEE), Charlotte Amalie, St. Thomas, V.I., *for Ramsay Motors, Inc.*

DANIEL A. ISAACSON, ESQ., Assistant Attorney General (Department of Law), Charlotte Amalie, St. Thomas, V.I., *for Government of the Virgin Islands*

YOUNG, *District Judge*

## MEMORANDUM OPINION SUPPLEMENTING ORDER

On August 10, 1976 defendant, Ramsay Motors, Inc., filed a motion to dismiss that portion of the complaint herein which alleged a cause of action on behalf of plaintiff Claire Benjamin, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon reviewing the written memoranda submitted in support of and in opposition to the aforesaid motion the Court denied the same per Order dated November 23, 1976. As the matter

presented a relatively novel question of law, the reasons for the aforementioned disposition are expounded upon herein.

The instant matter involves, inter alia, an action for damages brought by Cyril Benjamin for bodily injuries he allegedly sustained as a result of the negligence of the various named defendants. Additionally, the complaint alleges that due to the injuries sustained by her husband, Cyril Benjamin, plaintiff Claire Benjamin has suffered a loss of her husband's consortium thereby entitling her to compensatory damages. Defendant moved to dismiss that portion of the complaint pertaining to Claire Benjamin's prayer for relief on the ground that the applicable law of the Virgin Islands does not recognize the right of a wife to recover for the loss of her husband's consortium.

Pursuant to 1 V.I.C. § 4,[1] Virgin Islands law, absent contrary local law or statute, incorporates the principles enunciated in the restatements of the law approved by the American Law Institute. Skeoch v. Ottley, 377 F.2d 804, 810 (3rd Cir. 1967). Although the Restatement of Torts entitled a husband to recover for the loss of his wife's consortium incurred as a result of injuries caused to her by the tortious conduct of another, the Restatement provides:

A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband. Restatement of the Law, Torts (1938) § 695.

Some perspective is needed.[2] At common law, when married women were under legal disabilities corresponding

---

[1] 1 V.I.C. § 4 provides: "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply in the absence of local laws to the contrary."

[2] See, Lippman, The Breakdown of Consortium, 30 Col. L. Rev. 651 (1930); Prosser, Torts (4th Ed. 1971), §§ 124–125.

to their inferior social status, a wife did not have the capacity to maintain an action of her own at law. Any action for personal or other injuries to the wife was brought in the name of the husband and wife, and the husband was entitled to the avails of the action as of his own property.

The husband had, in addition, his own recourse at law against those who invaded the conjugal relationship. While his interest in his wife was originally recognized only in terms of her economic worth, the rights of the husband were gradually extended to include conjugal affection, society and sexual relations.

The wife had no rights, analogous to the husband's, with respect to the marital relationship. If the husband was injured by a third-party, he could sue on his own behalf, and there was no thought that the wife had any legal claim to the husband's services or companionship in the form of an action for third-party damage to the relationship.

With the advent of the married women's acts in the mid-nineteenth century, the wife became competent to bring an action in her own behalf for injuries to herself and was afforded the right to retain the proceeds of such actions. The wife's ability to recover for loss of her husband's consortium remained unchanged, however, as courts uniformly held that these acts did not create new common-law rights, but merely authorized married women to bring actions on their own behalf to protect the rights they had at common law. Therefore, the court reasoned, since the wife had no cause of action for loss of consortium at common law, she acquired no new cause of action by the enactment of the married women's acts.[3]

Thus, in 1938, when § 695 of the Restatement of Torts was officially adopted by the American Law Institute, said section reflected the then prevailing rule in the United

---

[3] See, e.g., Hodge v. Wetzler, 69 N.J.L. 490, 55 A. 49 (1903); Doe v. Roe, 82 Me. 503, 20 A. 83 (1890).

States with respect to a married woman's right to recover for loss of her husband's consortium. Since 1938, however, the vast majority of courts have refused to countenance such a disparity in spousal consortium rights and, accordingly, have either provided for reciprocal causes of action[4] or denied both spouses any claim for loss of consortium.[5] By establishing a parity between the spouses, the courts have conformed to the prevailing view among the commentators.[6]

In light of the overwhelming body of case law in opposition to the rule stated in Restatement, Torts § 695, the American Law Institute in Restatement Second will state that both husband and wife have the consortium right on equal terms.[7] As 1 V.I.C. § 4 incorporates into the law

[4] See, e.g., Aetna Casualty & Surety Co. v. Hatridge, 282 F.Supp. 604 (D.C. Ark. 1968), aff'd, 415 F.2d 809 (8th Cir. 1969); Yonner v. Adams, 53 Del. 229, 167 A.2d 717 (1961); Hitaffer v. Argonne Co., 87 App. D.C. 57, 183 F.2d 811 (1950), cert. den., 340 U.S. 852 (1950); Brown v. Georgia-Tennessee Coaches, Inc., 88 Ga. App. 519, 77 S.E.2d 24 (1953); Nichols v. Sonneman, 91 Idaho 199, 418 P.2d 562 (1966); Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881 (1960); Troue v. Marker, 252 N.E.2d 800 (Ind. 1969); Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480 (1956); Kotsiris v. Ling, 451 S.W.2d 411 (Ky. 1970); Deems v. Western Md. Railway Co., 247 Md. 95, 231 A.2d 514 (1967); Montgomery v. Stephan, 359 Mich. 33, 101 N.W.2d 277 (1960); Diaz v. Eli Lilly and Co., 302 N.E.2d 555 (Mass. 1973); Thill v. Modern Erecting Co., 284 Minn. 508, 170 N.W.2d 865 (1969); Novak v. Kansas City Transit Inc., 365 S.W.2d 539 (Mo. 1963); Duffy v. Lipsman-Fulkerson & Co., 200 F.Supp. 71 (D.C. Mont. 1961); Luther v. Maple, 250 F.2d 916 (8th Cir. 1958) (applying Nebraska law); Ekalo v. Constructive Service Corp., 46 N.J. 82, 215 A.2d 1 (1965); Millington v. Southeastern Elevator Co. 22 N.Y.2d 498, 239 N.E.2d 897 (1968); Clouston v. Remlinger Oldsmobile-Cadillac, Inc., 22 Ohio St.2d 65, 258 N.E.2d 230 (1970); Ross v. Cuthbert, 239 Cr. 429, 397 P.2d 529 (1965); Hoekstra v. Hetgeland, 78 S.D. 82, 98 N.W.2d 669 (1959); Moran v. Quality Aluminum Casting Co., 34 Wis.2d 542, 150 N.W.2d 137 (1967); Swartz v. United States Steel Corporation, 304 So.2d 881 (Ala. 1974); Rodriguez v. Bethlehem Steel Corp., 525 P.2d 669 (Cal. 1974); Hopkins v. Blanco, 320 A.2d 139 (Pa. 1974); Schreiner v. Fruit, 519 P.2d 462 (Alaska 1974); General Electric Co. v. Bush, 498 P.2d 366 (Nev. 1972); La Bonte v. National Gypsum Co., 269 A.2d 634 (N.H. 1970).

[5] See, e.g., Carey v. Foster, 221 F.Supp. 185 (D.C. Va. 1963), aff'd, 345 F.2d 772 (4th Cir. 1965).

[6] See, e.g., Prosser, supra, n.2; Lippman, supra, n.2; 1 Harper & James, Torts (1956), at 643; Holbrook, The Change in the Meaning of Consortium, 22 Mich. L. Rev. 1, 8-9 (1923); Kinaird, Right of Wife to Sue for Loss of Consortium, 35 Ky. L.J. 220, 223 (1946).

[7] Restatement of the Law 2d, Torts (Tent. draft No. 14, April 15, 1969, pp. 13-21); American Law Institute, Proceedings of the Forty-Sixth Annual Meeting (1969), pp. 148-158, 162-163.

of the Virgin Islands the rules expressed in the restatements of the law *approved by the American Law Institute,*[8] the forthcoming revision of the Restatement would conceivably justify permitting plaintiff to maintain her consortium action in the instant matter. James v. Bailey, 10 V.I. 382 (D.C.V.I. 1974). However, the Fourteenth Amendment of the Federal Constitution and the Revised Organic Act of 1954 provide a much more compelling reason for permitting her to maintain said action in that the present statutory scheme denies a wife the equal protection of the laws.

While it has been maintained that classifications based upon sex are inherently suspect thereby warranting strict judicial scrutiny[9] or, alternatively, that such classifications must be subjected to an intermediate level of review[10] the Supreme Court has consistently held that such legislation need only be supported by some rational basis in order to be sustained.[11] Thus a legislative classification based upon sex must merely "be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920). The inquiry herein is thus reduced to whether the distinction as to sex bears any rational relation to the denial of a wife's right to recover for the loss of her husband's consortium under § 695 of the Restatement.

A thorough analysis of the pertinent case law reveals only three justifications for denying a loss of consortium action against a third-party tortfeasor: (1) the possibility of double recovery with respect to the husband's claim for

---

[8] See n.1, supra.

[9] Frontiero v. Richardson, 411 U.S. 677, 682 (1973) (Opinion of Brennan, J.).

[10] San Antonio School District v. Rodriquez, 411 U.S. 1, 106 (1973) (Marshall, J. dissenting).

[11] Stanton v. Stanton, 421 U.S. 7, 13 (1975); Weinberger v. Wiesenfield, 420 U.S. 636, 653 (1975); Reed v. Reed, 404 U.S. 71, 76 (1971).

loss of earning capacity and the wife's claim for loss of support;[12] (2) the speculative nature of the damages;[13] and, (3) the ramifications stemming from retroactive application of a judicial rule. While these objections are not without some merit they fail to provide any rational ground for restricting recovery to husbands only. Rather, they perhaps provide a reasonable justification for disallowing consortium actions by either spouse. The latter proposition, however, is not of concern to the Court herein.

The Restatement provides a husband with a cause of action for the loss of his wife's consortium due to injuries she sustains as a result of a third-party's misfeasance. He may recover from said third-party for the damage to his interests in the marital relationship, to-wit: services, love, companionship, society, affection, sexual relations. When the husband is injured, the wife suffers the exact same damages yet the present statutory framework leaves her without legal recourse. No reasonable suggestion can be offered any longer to explain the disparity in the spouses' relative rights to secure recovery for loss of consortium. No reasonable distinctions may be made between the wife's claim for negligent or intentional impairment of consortium and a similar claim by her husband.

In that the sexual classification found in the Restatement of Torts is without any rational basis, I hold that § 695 is

---

[12] The threat of double recovery can easily be removed by restricting the consortium action to recovery for the intangible elements of the marital relationship such as love, companionship, society, sexual relations and solace. The interests thereby protected would be personal to the wife, so that compensating her therefor could not result in double recovery. See, Millington v. Southeastern Elevator Co., supra, n.4. The husband, of course, could recover in his own right as to any damages with respect to his loss of earning power in his action for bodily injuries. By requiring joinder of the husband's and wife's claims, and by properly instructing the jury as to damages the threat of double recovery would be eliminated. See, n. 15, infra.

[13] This argument has no merit. The logic of it would also hold a trier of fact incompetent to award damages for pain and suffering.

violative of the equal protection clause and must no longer be followed in this jurisdiction.[14]

The rule that this Court now recognizes is that a spouse may maintain an action for loss of consortium against a third-party tortfeasor where said third-party has caused the other spouse to suffer bodily injuries. The right of action is a derivative right and accordingly may accrue only to the extent that the other spouse has a cause of action against the same defendant.[15]

With respect to the retroactive application of today's holding, a wife will not, as a matter of sound administration and fairness, be permitted to initiate an action for loss of consortium—even though not barred by the statute of limitations—where the action of the other spouse for bodily injury was concluded by settlement or judgment prior to the effective date of this decision.

---

[14] Other courts have also so held. See, e.g., Owen v. Illinois Baking Corp., 260 F.Supp. 820 (D.C. Mich. 1966); Karczewski v. Baltimore & Ohio R. Co., 274 F.Supp. 169 (D.C. Ill. 1967); Gates v. Foley, 247 So.2d 40 (Fla. 1971).

The Court is aware of only one case in which a similar statutory scheme was upheld under an equal protection challenge. In Miskunas v. Union Carbide Corp., 399 F.2d 847 (7th Cir. 1968), cert. den., 393 U.S. 1066 (1969), the court concluded that it would be reasonable to deny a wife's consortium action on the ground that it might result in double recovery where the injured husband recovers for loss of earning power. The court did not indicate why the same threat would not hold true where a working wife was injured, except to say that since twice as many married men are employed than married women, the law could justifiably discriminate in this respect between spouses. This Court disagrees. Furthermore, joinder of the bodily injury and consortium claims, together with proper jury instructions can easily overcome this problem. See, n. 12, supra and n. 15, infra.

Although Krohn v. Richardson-Merrell, Inc., 219 Tenn. 37, 406 S.W.2d 166 (1966), cert. den., 386 U.S. 970 (1967), has also been cited for the proposition that a disparity in spousal consortium rights is not violative of the equal protection clause, the court therein expressly refused to decide the constitutional question.

[15] In accordance with the position taken by the American Law Institute in Restatement Second, the consortium claim must, where possible, be joined with the claim for bodily injury. See, Tent. draft No. 14, supra, n. 7.