Mary Frances **WHITEHURST,** etc. et al., Appellants,

v.

The **CHARLES TOWN HOSPITAL** and L. Mildred Williams, M. D., Appellees.

No. 79–1227.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1980.

Decided July 28, 1980.

**358**

William F. C. Marlow, Jr. and Thomas J. Peddicord, Jr., Towson, Md. (Marlow & Peddicord, Towson, Md., Thomas W. Murtaugh, Leesburg, Va., on brief), for appellants.

Alfred J. Lemley, Fairmont, W. Va. (Stephen R. Brooks, Furbee, Amos, Webb & Critchfield, Fairmont, W. Va., on brief), and Clarence E. Martin, Jr., Martinsburg, W. Va. (Martin & Seibert, Martinsburg, W. Va., on brief), for appellees.

Before WINTER and PHILLIPS, Circuit Judges, and HOWARD,* District Judge.

HOWARD, District Judge:

Mary Frances Whitehurst and John Hoyle Whitehurst brought this diversity action against The Charles Town Hospital and L. Mildred Williams, M. D., for the wrongful death of their infant daughter. The district court granted motions to dismiss for lack of subject matter jurisdiction. The Whitehursts appealed.

We affirm.

### I

On December 31, 1975, Mary Frances Whitehurst, a resident and citizen of Virginia, was treated for abdominal cramps by her obstetrician, Dr. Harold Gist. Dr. Gist practices and resides in Maryland, and treated Mrs. Whitehurst in that state.

On her way home, and while in Virginia, Mrs. Whitehurst gave premature birth to an infant daughter. Mother and child were rushed to The Charles Town General Hospital in West Virginia where they were treated by Dr. Williams; the infant died the following day.

On November 21, 1977, the Whitehursts brought suit in the district court for Maryland against Dr. Gist; on December 29, 1977, they sued the hospital and Dr. Williams in the Northern District of West Virginia. The action against Dr. Gist was tried first and the jury returned verdicts for the Whitehursts. Judgment in the amount of $50,000 was entered for the Whitehursts individually and as surviving parents; they also received an award of $5,000 as representatives of the infant's estate. An order of satisfaction was filed in the Maryland court on October 16, 1978.

The hospital and Dr. Williams moved for dismissal of the West Virginia case; their motions were granted on December 19, 1978.

### II

The Whitehursts contend the district court erred in concluding that the recovery in the Maryland suit barred a subsequent recovery from the defendants in the West Virginia action.

■ The appellants' decision to sue in both forums was prudent and consistent with their right to proceed either jointly or severally against those defendants for compensation for a common wrong. *State v. Sims*, 139 W.Va. 92, 79 S.E.2d 277 (1953). Although the Whitehursts were free to seek recovery from those responsible for their daughter's death in several lawsuits, they are entitled to but one full satisfaction of that claim. *New River & Proc. Consol. Coal v. Eary*, 115 W.Va. 46, 174 S.E. 573 (1934).

■ The judgment in the Maryland court established the monetary value of the losses incurred by the Whitehursts and the infant's estate; the satisfaction of that judgment was full compensation for those losses. *See Sargis v. Barnett*, 287 F.Supp. 835

* Honorable Joseph C. Howard, United States District Court for the District of Maryland, sitting by designation.

(N.D.W.Va.1968). As the Whitehursts had received a full recovery in the Maryland suit, they were foreclosed from recovery a second time in the West Virginia district court. In an effort to avoid this result, the appellants maintain that the district court improperly characterized the defendants in the Maryland and West Virginia actions as joint tortfeasors.

Unlike the instances of successive torts found in the appellants' proffered authorities, the instant case involved allegations of wrongful acts resulting in one injury: the infant's death.

Notwithstanding appellants' contentions, a common injury caused by the concurrence of respective negligent acts establishes the joint liability of tortfeasors. *Long v. City of Weirton*, 214 S.E.2d 832, 845 (W.Va. 1975).

### III

As no further recovery was permissible, the complaint was properly dismissed for lack of subject matter jurisdiction. Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*