**CIRCUIT COURT OF FAIRFAX COUNTY**

Kevin F. Dwyer

    v.

Scurlock et al.

March 29, 1991

Case No. (Law) 103461

By JUDGE THOMAS J. MIDDLETON

    This cause came to be heard upon the demurrer of defendant Thomas E. Gallahue to the motion for judgment filed by Kevin F. Dwyer. Upon consideration of the arguments of counsel and the applicable case law, the demurrer is sustained.

    The motion for judgment alleges that the defendant's negligence caused an accident in which the car driven by the plaintiff's pregnant wife was struck, proximately resulting in the premature birth of the plaintiff's son. The child was allegedly born seriously injured and damaged, and plaintiff seeks recovery for the severe emotional distress and mental anguish he sustained in his own right.

    The defendant has demurred on the ground that the father has no "cause of action for emotional and mental anguish as a result of the premature birth injuries of the son."

    Although it is not clear whether Virginia ever embraced the strict "impact rule"[1] requiring as a prerequisite to recovery actual physical contact resulting in some contemporaneous injury, it is clear that as recently as

---

[1] See, Victorian Railways Commissioners v. Coultas, L.R. 13 App. Cas. 222 (P.C. 1888).

1973 the rule in Virginia was that "where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Hughes v. Moore*, 214 Va. 27, 34 (1973).

The Supreme Court of Virginia has indicated some limited circumstances in which a plaintiff may recover damages absent contemporaneous physical impact and injury. First, where the plaintiff pleads and can prove, by clear and convincing evidence, that he suffered "emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact." *Hughes*, 214 Va. at 34 (emphasis in original). The plaintiff in the case at bar has alleged no physical injury at all, only emotional distress. This case does not come under *Hughes* analysis.

In *Womack v. Eldridge*, 215 Va. 338 (1974), the Court held that in some cases, physical injury would not be required. Emotional distress alone is compensable where the tort is intentional or reckless, the tortfeasor's conduct is outrageous and intolerable, the wrongful conduct and the emotional distress are causally connected, and the emotional distress is severe. In the instant case, the plaintiff has alleged only negligent conduct on the part of the defendant. *Womack* is inapposite.

There has been only one case in which recovery has been permitted in the absence of either first, outrageous and intolerable action which is intentional or reckless or second, clear and convincing evidence of emotional disturbance and physical injury proximately resulting therefrom. In *Naccash v. Burger*, 223 Va. 406 (1982), the plaintiff alleged the wrongful birth of their child resulting from the negligence of the defendant. The plaintiffs in *Naccash* were both carriers of the genetic disorder Tay-Sachs disease. The husband was tested for the disease and negligently informed that he was not a carrier. Consequently, the plaintiff wife proceeded to term and gave birth to a child afflicted with the fatal disease.

The Justices noted that the facts of the case did not allow recovery under either the *Womack* or *Hughes* rationales. They went on, however, and stated:

> We believe, however, that the circumstances of this case justify another exception to the

general rule that damages for emotional distress are not allowable unless they result directly from tortiously caused physical injury. The restrictions upon recovery imposed by the provisos in *Hughes* and *Womack* were designed to discourage spurious claims asserted by chance witnesses to physical tort involving others. The considerations prompting imposition of the limitations do not exist here; no one suggests that the Burgers' emotional distress was feigned or that their claim was fraudulent. Indeed, to apply the restrictions here or to refuse to recognize an exception to the general rule, "would constitute a perversion of fundamental principles of justice."

Furthermore, we believe it would be wholly unrealistic to say that the Burgers were mere witnesses to the consequences of the tortious conduct involved in this case. In our view, the parents' emotional distress was no less a direct result of wrongful conduct than the distress endured by the plaintiffs in *Hughes* and *Womack*; the evidence shows an unbroken chain of causal connection directly linking the erroneous Tay-Sachs report, the deprivation of the parents' opportunity to accept or reject the continuance of Mrs. Burger's pregnancy, and the emotional distress the parents suffered following the birth of their fatally defective child.

*Naccash v. Burger*, 233 Va. at 416 (citations omitted).

The plaintiff has argued that the reasoning applied in *Naccash* should be applied. to the case at bar. However, analysis of the decisions subsequent to *Naccash* reveals that the Court considers the facts of that case to be unique, and that providing a remedy requires a degree of activism not to be applied liberally.

Three times since the decision in *Naccash*, the Supreme Court of Virginia has had an opportunity to clarify the applicability of the holding therein. When they have commented, they have observed that *Naccash* should be confined to its particular facts.

In *Speet v. Bacaj*, 237 Va. 290 (1989), the parents of a defectively born child brought a medical malpractice action seeking damages for their emotional distress. Under facts arguably similar to those in *Naccash*, the trial court held that the parents were not entitled to recover for their emotional damages. The rest of the case was submitted to the jury, which returned a defendant's verdict on the dispositive issue of the doctor's negligence. On appeal, the Supreme Court affirmed the verdict and held, without reaching the *Naccash* issue, that because the parent's claim was wholly derivative of the child's unsuccessful one, the parents could not prevail in any event.

The issue next came before the Court in *Myseros v. Sissler*, 239 Va. 8 (1990), a case involving a mild rear-end collision. The plaintiff there presented evidence of physical manifestation of his emotional disturbance, and the trial court gave the jury an instruction requiring proof of damages pursuant to *Hughes v. Moore*. After a plaintiff's verdict was appealed, it was argued for the first time that *Naccash* was applicable.

The Supreme Court reversed the verdict, holding that the plaintiff's physical injuries were "typical symptoms of an emotional disturbance," and not the clear and convincing evidence of physical injury of the type required by *Hughes*. The Court declined to base its holding on the inapplicability of *Naccash* to the case but commented that "[i]n any event, *Naccash* is confined to its particular facts and is inapposite." *Myseros v. Sissler*, 239 Va. at 10, n. 2.

Finally, in *Bulala v. Boyd*, 239 Va. 218 (1990), the Court was again presented with a medical malpractice claim involving the negligent delivery of a child. *Bulala* resulted in a plaintiff's verdict for the child and for both parents, each in excess of the cap on recovery in medical malpractice cases, which was then $750,000.00. The Court affirmed the child's recovery up to the amount of the cap and held that because the emotional distress claim was wholly derivative of the child's recovery and the child's claim exhausted the funds available under the cap, the parent could not recover.

The Court went on to state, in dicta, that *Naccash* was to be "confined to its particular facts." *Bulala*, 239 Va. at 226, n. 1.

In the case at bar, the facts presented are not similar to those of *Naccash*. *Naccash* evinces a willingness on the part of the Court to compensate a party for missing a "window of opportunity" to prevent injury as the result of the negligence of health care professionals. The instant facts present a typical automobile negligence action with admittedly unfortunate consequences.

The demurrer is sustained and the motion for judgment is dismissed.