## CIRCUIT COURT OF LANCASTER COUNTY

Maryanne Strickland
and Mark Strickland

v.

Shirley L. Thompson
and Stephanie Nicole Smith

September 1, 1993

BY JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration the demurrers of Shirley L. Thompson and Stephanie Nicole Smith to a Motion for Judgment filed against them by Mary Anne Strickland and Mark Strickland. Mrs. Strickland was injured in an accident while operating her motor vehicle in Lancaster County. She claims that as a result of her injuries, she suffered a miscarriage. Her husband, who was a passenger at the time of the accident, alleges he has suffered emotional distress due to his wife's miscarriage, for which he seeks compensation.

In oral argument on the demurrers on August 26, 1993, defendants relied on the general rule that Virginia law does not ordinarily permit damages for emotional distress in the absence of physical injury.

Plaintiffs argue that there are recognized exceptions to this general rule and that the facts here fall within such exceptions. Plaintiffs rely principally upon *Naccash v. Burger*, 223 Va. 406 (1982). There, parents of a fatally diseased child were permitted to recover damages for emotional distress where a negligently–performed blood test deprived the parents of the opportunity to make an informed decision regarding abortion.

The motion for judgment under consideration here alleges that Mr. Strickland suffered emotional distress but does not allege that he has suffered any physical injury. Under *Myseros v. Sissler*, 239 Va. 8

(1990), decided subsequent to *Naccash*, there can be no recovery for emotional distress in the absence of resulting physical injury.

In *Naccash*, as well as in the later case of *Bulala v. Boyd*, 239 Va. 218 (1990), both father and mother were allowed to recover for emotional distress arising from the birth of an impaired child. The Supreme Court notes in both cases, however, that these claims were wholly derivative of the child's claim. In the instant case, the unborn child is considered a part of the mother until birth. An injury to the unborn child constitutes an injury to the mother, who may recover for both physical injury and mental anguish associated with stillbirth. See *Modaber v. Kelley*, 232 Va. 60 (1986).

We are aware of no authority extending to a father the right to recover for emotional distress under the facts of this case. Here the father was a passenger with his wife at the time of the accident. However, the rationale urged by his counsel for his entitlement to damages would apply as well had the father been at home or at work at the time of the accident.

Finding no claim of physical injury suffered by the father, and further construing *Modaber* to give to the mother claims for mental anguish associated with injury to the unborn child, the demurrers will be sustained.