## CIRCUIT COURT OF FAIRFAX COUNTY

Michael Chen
and Connie Chen

v.

The Genetics & IVF Institute, Inc., et al.

October 21, 1996

Case No. L153343

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on September 13, 1996, on the defendant's "Demurrer to Paragraph 16 and Motion to Drop an Improperly Joined Party." At the conclusion of the hearing, the Court asked the parties to submit additional briefs on the issue raised. The Court has now had the opportunity fully to consider the briefs and the arguments of counsel. For the reasons stated below, the Demurrer is sustained.

*Facts*

The facts of this case will be briefly summarized. On June 25, 1996, plaintiffs Michael Chen and Connie Chen, husband and wife, filed a motion for judgment against The Genetics & IVF Institute, Inc. ("Genetics & IVF") and Joseph D. Schulman, M.D., Susan Black, M.D., and Lois Krysa, R.N. (collectively, the "Individual Defendants"). The motion for judgment alleges that Genetics & IVF and the Individual Defendants were negligent in performing an in vitro fertilization procedure and providing post-operative care to Mrs. Chen. As a result, Mrs. Chen developed a uterine infection that went undetected and ultimately resulted in the removal of her right ovary. As a result of the infection, Mrs. Chen's remaining ovary has lost its ability to produce eggs, and Mrs. Chen can no longer conceive a natural child. In addition to Mrs. Chen's claims for physical injury and emotional distress, the motion for judgment asserts a claim for

Mr. Chen's emotional distress. Paragraph 16[1] of the motion for judgment contains the only allegations of the motion for judgment concerning Mr. Chen's losses. That paragraph provides in full:

> As a direct and proximate result of Defendants' negligent and careless acts and failures to act, Plaintiff Michael Chen has suffered and will continue to suffer mental anguish and pain as the result of the loss of his wife's ovary which has now and will continue to prevent him from conceiving a natural child with his wife.

Motion for Judgment, ¶ 16 (¶ 20).

### *Demurrer to Paragraph 16*

The Defendants demurred to paragraph 16 of the Motion for Judgment, claiming that Mr. Chen has failed to state a claim upon which relief can be granted. The Defendants maintain that Mr. Chen cannot claim for loss of consortium because Virginia does not recognize that cause of action. Additionally, Defendants contend that Virginia does not recognize a cause of action for a husband's emotional distress due to a wife's injury unless there has been direct physical harm to the husband or wanton and willful conduct. See generally, *Carsten v. Chrisland Corp.*, 247 Va. 433, 446, 442 S.E.2d 660 (1994); *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974). See also, *Ferrell v. Chesapeake & Ohio Ry. Employee Hosp. Ass'n*, 336 F. Supp. 833 (W.D. Va. 1971) (wife cannot recover for emotional distress at negligent diagnosis and treatment of husband in the absence of willful, wanton, intentional, or vindictive conduct). Mr. Chen has not alleged any such conduct.

The Plaintiffs argue that Mr. Chen's claim is for emotional distress damages and direct injury as the Virginia Supreme Court recognized in *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982). *Naccash* allowed both parents to recover for their emotional distress in the absence of tortiously caused physical injury resulting from the "wrongful birth" of their Tay-Sachs afflicted child. The Virginia Supreme Court has stressed that the ruling in *Naccash* is "confined to its particular facts." *Myseros v. Sissler*, 239 Va. 8, 9, n. 2, 387 S.E.2d 463 (1990).

---

[1] The quoted paragraph is actually misnumbered as paragraph 16 of the Motion for Judgment. It should be paragraph 20.

Virginia law does not recognize a husband's claim for his emotional distress at the injury to or loss of an unborn child or future children. See generally, *Modaber v. Kelley*, 232 Va. 60, 348 S.E.2d 233 (1986) (injury to an unborn child is an injury to the mother, father's claims dismissed or nonsuited prior to trial). See also, *Bradley v. Forrest*, 9 Va. Cir. 157 (City of Richmond 1987) (father cannot recover for negligent delivery of child); *Strickland v. Thompson*, 33 Va. Cir. 33 (Lancaster County 1993) (husband cannot recover for his emotional distress arising from wife's accidental miscarriage).

The Court concludes that, under the facts of this case, where there is no allegation of physical injury to the husband or of willful or wanton conduct, Virginia law does not recognize a cause of action for a husband's emotional distress arising from the loss of his ability to father natural children with his wife as a result of a negligently-performed in vitro fertilization procedure on the wife.

For the foregoing reasons, the Demurrer as to Mr. Chen's claims is sustained without leave to amend. In addition, Mr. Chen should be dropped under Code § 8.01-5 as a misjoined party.