Present: Carrico, C.J., Compton, Hassell, Keenan, Koontz, and
         Kinser, JJ., and Poff, Senior Justice

HOLLY GRAY

                                       OPINION BY
v.  Record No. 981387        SENIOR JUSTICE RICHARD H. POFF
                                      April 16, 1999
INOVA HEALTH CARE SERVICES


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     F. Bruce Bach, Judge

    The dispositive issue raised in this appeal is whether a

parent who witnesses the effects of a negligent tort committed

upon a child in the presence of the parent has a cause of action

in tort against the tortfeasor for negligent infliction of

emotional distress and its symptomatic effects.  We think not,

and we will affirm the judgment of the trial court sustaining

the tortfeasor's demurrer.

    The motion for judgment alleged that Mrs. Holly Gray's

three-year old daughter, Kira, was admitted to a hospital owned

and operated by INOVA Health Care Services (INOVA) to undergo a

lumbar puncture test for meningitis; that "the health care

providers . . . negligently administered 160 mg. of the drug

Fentanyl . . . [which] was ten times the proper dosage;" that

Kira's "body convulsed, her breathing stopped, and her face

turned blue;" that when Mrs. Gray, "standing next to her

daughter . . . observed the condition of her daughter, she

experienced extreme fright and shock, temporarily blacked out,

fell to the floor, and became physically sick and vomited;" and that she "still suffers from mental anguish and emotional trauma."

As her principal assignment of error, Mrs. Gray asserts that the trial court erred in sustaining the demurrer "because [her] motion for judgment states a cause of action . . . for physical injury directly resulting from the negligent infliction of emotional stress."  In the alternative, she contends that her motion for judgment "states a cause of action for negligent infliction of emotional distress, independent of physical impact or injury."

The initial, and crucial, question before us is whether the tortfeasor, INOVA, owed a duty to Mrs. Gray, a third-party bystander.  This Court has consistently held that "[t]here can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury."  Chesapeake and Potomac Telephone v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988) (quoting Trimyer v. Norfolk Tallow Co., 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951)).

Mrs. Gray relies upon our decision in Naccash v. Burger, 223 Va. 406, 290 S.E.2d 825 (1982).  There, this Court recognized a parental cause of action for emotional distress when blood samples withdrawn from the parents were mishandled, blood test results were incorrectly reported as negative, and a

2

fetus, born alive, died two years later of Tay-Sachs disease. Unlike Mrs. Gray, however, the plaintiffs in Naccash were not third-party bystanders. It was their own blood that was tested and mishandled. Upholding their motion for judgment, this Court said:

> Essential to the recognition of a cause of action in favor of the Burgers is the existence of a duty owed them. Clearly, when the Burgers presented themselves to the Cytogenetics Laboratory at Arlington Hospital for Tay-Sachs testing, they were owed a duty of reasonable care in the handling of the blood withdrawn for the tests; this duty encompassed the obligation to provide them with reasonably accurate information concerning the condition of their unborn child so they could make an informed decision regarding abortion.

Id. at 414, 290 S.E.2d at 829.

Mrs. Gray also relies upon Hughes v. Moore, 214 Va. 27, 197 S.E.2d 214 (1973). There, the plaintiff's injuries were "sustained . . . as a consequence of fright and shock caused when an automobile driven by the defendant . . . crashed into the front porch of her home." Id. at 28, 197 S.E.2d at 215. Clearly, the tortfeasor owed the homeowner a duty not to damage her property.

Here, INOVA owed Mrs. Gray no duty. She was not the patient upon whom medical tests were being performed. Kira was the patient undergoing those tests, and it was Kira to whom

3

INOVA owed a duty of care. Any negligence in administering the tests was a breach of the duty owed to Kira, not her mother.[*]

Because Mrs. Gray had no cause of action against INOVA, we will affirm the judgment of the trial court sustaining the demurrer to the Motion for Judgment.

Affirmed.

---

[*] We have held that a tortfeasor whose negligence has caused an injury to a child in utero owes a duty to the mother of that child. Specifically, we have said that "an unborn child is a part of the mother until birth" and, accordingly, that "injury to an unborn child constitutes injury to the mother and that she may recover for such medical injury and mental suffering associated with a stillbirth." Modaber v. Kelley, 232 Va. 60, 66, 348 S.E.2d 233, 236-37 (1986). See also, Bulala v. Boyd, 239 Va. 218, 389 S.E.2d 670 (1990); Fairfax Hospital System v. McCarty, 244 Va. 28, 419 S.E.2d 621 (1992).

4