# CIRCUIT COURT OF ROCKINGHAM COUNTY

Wayne W. Umbel

v.

Charlton K. Crider

October 22, 1999

Case No. CL99-11681

BY JUDGE JOHN J. MCGRATH, JR.

This matter is now before the Court on a demurrer and a series of motions in limine filed by the defendant. The relevant facts of this case are as follows. On November 23, 1994, plaintiff was a passenger in a truck operated by plaintiff's stepson that was traveling east on Route 33. Defendant, driving in a westerly direction on Route 33, drove his automobile into the truck in which plaintiff was riding. Plaintiff suffered a number of physical injuries; however, his stepson died. The two were in the wrecked truck together. Plaintiff has filed a motion for judgment, Count II of which seeks damages for "negligent and/or intentional infliction of emotional distress" as a result of having to witness "the tragic and bloody death of his stepson, which caused plaintiff many nightmares and terrible memories and severe mental distress." Defendant has filed a demurrer to Count II of plaintiff's motion for judgment and a motion in limine to exclude any evidence of the death of a third party involved in this accident.

With regard to the claim for the negligent infliction of emotional distress, the principle Virginia cases on this topic are *Hughes v. Moore*, 214 Va. 27 (1973), and *Womack v. Eldridge*, 215 Va. 338 (1974). In the *Hughes* case, the Virginia Supreme Court held that when "conduct is merely negligent, not willful, wanton or vindictive and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Hughes*, 214 Va. at 34. Although the plaintiff in *Hughes* was not physically hit by the car that drove into her

house, she did offer evidence that as a result of fright and shock that arose due to defendant's negligence, she was forced to seek medical attention because she could not nurse her child, was having pains in her chest and arms, and could not sleep at night. *Id.* at 28. There, the court found that such physical problems and medical attention were sufficient to sustain a verdict for the plaintiff.

The following year, the Supreme Court of Virginia, following *Hughes*, decided the case of *Womack v. Eldridge*, 215 Va. 338 (1974). In the *Womack* case, the court unequivocally stated that a cause of action will not lie for *negligent* infliction of emotional distress unaccompanied by a physical injury. *Id.* at 340. In fact, the court proceeded to set out four elements, all of which must be met, in order for an emotional distress claim to succeed without proof of any physical injury. *Id.* at 342. The first of these elements mandates that "the wrongdoer's conduct was *intentional or reckless*." *Id.* Since a negligent act on the part of the defendant cannot pass the first of these elements, such an action will not succeed.

The plaintiff in this case relies heavily on the case of *Naccash v. Burger*, in which the Supreme Court of Virginia held that a plaintiff could recover for emotional distress, unaccompanied by any physical injury, in a "wrongful birth" case. *Naccash v. Burger*, 223 Va. 406 (1982). In *Naccash*, the plaintiffs were both tested for Tay-Sachs disease and informed that the husband was not a carrier; because of this determination, the plaintiff wife proceeded to term in her pregnancy; however, the child was born with the disease and died a short time later. *Id.* In *Naccash*, the court held that although the parents were not physically injured, they could recover for the emotional distress caused by these events. *Id.* Plaintiff in the case at hand argues that because the Supreme Court allowed recovery in *Naccash*, a case of emotional distress unaccompanied by physical injury, this court should also allow such recovery. What plaintiff has failed to notice, however, is that since this ruling, the Supreme Court of Virginia has stated that the facts of *Naccash* are unique and that it should be confined to those particular facts. In fact, the Supreme Court of Virginia has declined to extend that decision to any other case. *See*, *Myseros v. Sissler*, 239 Va. 8 (1990) (involving a mild rear-end collision, stating that "*Naccash* is confined to its particular facts"); *Bulala v. Boyd*, 239 Va. 218 (1990) (involving a medical malpractice claim involving the negligent delivery of a child, stating that *Naccash* was to be "confined to its particular facts"). Furthermore, in the *Naccash* case, the court made it clear that the parents could recover, not merely because they witnessed the suffering and ultimate death of their child, but because they were denied the right to choose whether or not to take the pregnancy to term or to terminate it. *Id.* at 414.

The facts of the case at hand are not even remotely close to those of *Naccash*. Furthermore, even if they were, like in the *Bulala* case, the court would not extend *Naccash* to allow such recovery. *Naccash* is a case that stands alone in Virginia case law. Because the majority opinions dictate that there shall be no recovery for negligent infliction of emotional distress absent proof of physical injury, this claim cannot be allowed to go forward. Accordingly, the defendant's demurrer to that part of Count II is sustained.

The next issue that must be approached is that of intentional infliction of emotional distress. The two leading Virginia cases on this subject are *Womack v. Eldridge*, 215 Va. 338 (1974), and *Russo v. White*, 241 Va. 23 (1991). In addition to discussing negligent infliction of emotional distress, the Court in *Womack* also stated that recover *would* be allowed, without proof of physical injury, if the plaintiff proves each of four elements that the court set out. These elements are:

> One, the wrongdoer's conduct was intentional or reckless … Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality … Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

*Womack*, 215 Va. at 342. In 1991, the Supreme Court of Virginia reiterated the *Womack* test and interpreted it to require a plaintiff to plead and prove by clear and convincing evidence the four prongs of the test. *Russo v. White, supra*. In *Russo*, the ruling of the Supreme Court was based solely on the pleading of the fourth prong of the *Womack* test. The pleading in *Russo* alleged that the plaintiff "was nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work." *Id.* at 28. Based on this, the court found that "the alleged effect on the plaintiff's sensitivities is not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure." *Id.* Furthermore, the court stated that in this type of case, "a plaintiff must allege all facts necessary to establish the cause of action." *Id.* (quoting *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989)).

In March of this year, this Court, in deciding the case of *Allen v. Seventy-Seven Acres*, found that the plaintiff's pleading in an intentional infliction of emotional distress case was sufficient because she alleged that she was "required to 'seek emergency treatment' and that she was 'placed on medications'." *Allen v. Seventy-Seven Acres*, 48 Va. Cir. 318 (1999). In the case at hand, the plaintiff does not even go that far. In fact, all the plaintiff

alleges in the instant case is that he suffers from "many nightmares and terrible memories and severe mental distress." Clearly this does not rise to the level of the pleadings in *Russo*, which were found to be insufficient to sustain a claim for severe emotional distress or anguish.

Because the pleadings relating to Count II are insufficient, at this time, this court will sustain the demurrer to that part of Count II dealing with intentional infliction of emotional distress. However, this court will grant the plaintiff leave to amend those pleadings to attempt to come within the requirements of *Russo* and *Womack* if he can do it in good faith. If the plaintiff is able to do so and does in fact do so by the close of business on October 29, 1999, then this court will continue the November 4, 1999, trial date. If plaintiff is unable to do so, or does not wish to amend his pleadings, then this case will go forward on November 4 on Count I of the motion for judgment only.

The ruling on the demurrer, however, does not dispose of the defendant's motion in limine to preclude pictures of the wrecked vehicle in which plaintiff was riding or the mention of, or evidence concerning, the death of the driver of the car in which the plaintiff was a passenger. It is alleged in the Motion for Judgment that the plaintiff suffered severe physical injuries and mental suffering, that the defendant was highly intoxicated, driving at a high rate of speed, and that the defendant was on the wrong side of the road. The Plaintiff prays for both compensatory and punitive damages.

The evidence of the force of the impact and the fact that it was sufficiently strong to kill the driver of the car in which the plaintiff was riding is clearly relevant to the jury in determining *inter alia* the fashion in which the defendant was operating his automobile at the time of the accident and the severity of the plaintiff's injuries.

Moreover, it is well established in Virginia law that plaintiffs in a personal injury action may recover for pain, suffering, and mental anguish arising from *their* injuries. *See, e.g., Certified TV and Appliance Co. v. Harrington,* 201 Va. 109, 109 S.E.2d 126 (1959); *Basset Furn. Indus., Inc. v. McReynolds,* 216 Va. 897, 224 S.E.2d 323 (1976); *Phillip Morris, Inc. v. Emerson,* 235 Va. 380, 368 S.E.2d 268 (1988). Thus, the facts that the driver of the vehicle in which the plaintiff was riding was killed and that plaintiff's efforts to revive his stepson's lifeless body in the middle of what is alleged to be a horrific accident were unsuccessful are only a few of the many facts that the jury may consider in determining the pain, suffering, and mental anguish which this plaintiff suffered in this accident, an accident in which *this plaintiff* also suffered what are alleged to have been severe physical injuries. This is not a situation such as the Court dealt with in *Bulala v. Boyd,* 239 Va. 218 (1990),

or *Myseros v. Sissler*, 239 Va. 8 (1990), where the plaintiff was not physically injured by the defendant's negligence.

Therefore, the demurrer to Count II is sustained without leave to amend with regard to the negligent infliction of severe emotional distress claim; the demurrer is sustained with regard to the intentional infliction of mental anguish portion of Count II, with leave to replead on or before October 29, 1999; and the motion in limine relating to the exclusion of evidence of the death of the truck's driver is denied.

The clerk of the court is ordered to send certified copies of this order to William W. Helsley, Esq., counsel for plaintiff, and John P. Cattano, Esq., counsel for defendant.