# CIRCUIT COURT OF THE CITY OF NORFOLK

Villnow

v.

DeAngelis
and Winfield

June 18, 2001

Case No. (Law) L00-2406

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant DeAngelis' and Defendant Winfield's demurrer(s) as to certain damages resulting from Plaintiff's emotional distress. Plaintiff was involved in a collision between a golf cart and an automobile which occurred on July 9, 1999. Plaintiff was a passenger in the golf cart driven by DeAnglis. The other named defendant, Winfield, was the driver of the car. It is alleged that both were negligent. Plaintiff's wife was also a passenger in the golf cart and she sustained severe injuries in that accident. Her injuries have allegedly caused her to have a different personality and a diminished ability to interact with her husband, the plaintiff. Her suit was filed separately and has been settled. Plaintiff claims two distinct types of damages in the case: (a) damages for emotional distress resulting from his own injuries; and (b) damages for negligent infliction of emotional distress resulting from his wife's injuries to which he was a witness and has suffered great emotional upset as a result. The defendant Winfield demurs only as to (b), the distress claim relating to plaintiff's wife's injuries. Defendant DeAngelis appears to demur to both claims of emotional distress damages; however, in oral argument counsel for DeAngelis essentially deferred to the arguments on behalf of Winfield.

In support of the demurrers at issue, the defendants argue that the plaintiff may not recover for emotional damages that are the result of the injuries to his

wife under Virginia law. Defendants further assert that the plaintiff has not pleaded sufficient facts as to actual physical injury resulting from the alleged emotional disturbance of witnessing the injuries to his wife. The plaintiff argues that he was more than a mere witness to his wife's injuries, in that he is both a witness and an injured party. The plaintiff contends that when two people are simultaneously injured in the same accident, a plaintiff may recover for negligent infliction of emotional distress, both as a witness and as an injured person since the damages flow from the same negligent act.

As an initial matter, there can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury. *Gray v. Inova Health Care Services*, 257 Va. 597, 599, 514 S.E.2d 355 (1999). With regard to recovery for negligent infliction of emotional distress, the general rule in Virginia is that where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973). However, where the claim is for emotional disturbance and *physical injury resulting therefrom*, there may be recovery for negligent conduct, notwithstanding the lack of physical impact from the negligent act. The injured party must properly plead and prove by clear and convincing evidence that the physical injury or manifestation was the natural and probable result of fright or shock proximately caused by the defendant's negligence. *Id.* at 34. Essentially, a plaintiff may recover if there is shown a clear and unbroken chain of causal connection between the act, the emotional disturbance, and the physical injury or manifestation resulting from the emotional disturbance. Some physical injury must result from the emotional disturbance, either in the form of present symptoms or manifestations of physical injury. *Id.*; *Myseros v. Sissler*, 239 Va. 8, 9, 387 S.E.2d 463 (1990). Manifestations of anxiety are insufficient. *Myseros*, 239 Va. at 11. Furthermore, a defendant's standard of conduct is measured by the reaction expected of a reasonable person unless the defendant has specific knowledge of a plaintiff's unusual sensitivity. *Hughes*, 214 Va. at 34. The *Hughes* court was the first to articulate the new standard being adopted, and stated the following under the rule:

Under the rule adopted today *we are not saying that a plaintiff, in an action for negligence, may recover damages for physical injuries resulting from fright or shock caused by witnessing injury to another*, allegedly occasioned by the negligence of a defendant toward a third person, or *caused by seeing the resulting injury to a third person* after it has been inflicted through defendant's negligence.

*Id.* at 34-35.

In the *Hughes* case, there was evidence that the plaintiff suffered physical injuries which were the "natural result of the fright and shock proximately caused by [the] defendant's tortious conduct" of driving a car into the plaintiff's home while the plaintiff was present in the home. *Id.* at 35. Therefore, the plaintiff had the right to maintain the claim for negligent infliction of emotional distress absent physical impact. Defendants rely on this case to support their position that plaintiff is not entitled to recover "distress damages" for witnessing and living with his wife's injuries. In *Gray v. Inova Health Care Services*, the Virginia Supreme Court held that a parent of a child who died as a result of a drug overdose was not entitled to recover damages for negligent infliction of emotional distress. 257 Va. 597, 514 S.E.2d 355 (1999). The crucial question in that case was whether the tortfeasor owed a *duty* to Mrs. Gray, a third-party bystander/witness. The Court held no. Mrs. Gray was not the patient upon whom the medical tests were being performed; therefore, the hospital owed no duty to the mother despite the mother's having been a witness to death of her child. *Id.* at 599; *see also Umbel v. Crider*, 50 Va. Cir. 352 (1999) (holding that a step-parent plaintiff could not recover under a negligent infliction of emotional distress theory for witnessing the death of a stepson even though plaintiff was also injured in the accident); *Chen v. The Genetics & IVF Institute, Inc.*, 40 Va. Cir. 410 (Fairfax 1996) (no recovery for husband's emotional distress arising from the loss of his ability to father children with his wife as a result of a negligently performed procedure on his wife).

Plaintiff relies on two Supreme Court cases and a number of circuit court cases to support the position that such damages are recoverable in this case. In *Sanford v. Ware*, the Supreme Court held that where a personal tort has been committed which will support an action to recover damages, then damages for mental suffering may be recovered in addition thereto if such suffering is the natural and probable result of the act. 191 Va. 43, 60 S.E.2d 10 (1950). In *Sanford*, the plaintiff sued an undertaker who sold her a casket for the burial of her husband's body and the undertaker buried the body without the casket. The trial court overruled the defendant's demurrer to plaintiff's claim for mental suffering. The Supreme Court affirmed by articulating the rule above. *Id.* at 49. Additionally, plaintiff cites to *Naccash v. Burger* where the Court allowed the parents to recover for emotional distress. 223 Va. 406, 290 S.E.2d 825 (1982). In *Naccash* the parents sued certain health care providers after the father's blood sample was incorrectly labeled as being negative for Tay-Sachs disease. The child was subsequently found to have Tay-Sachs and consequently died less than two years after birth.

The Court allowed recovery to the parents even though there was no physical injury to the parents. *Id.* at 831. The Court reasoned that the health care providers owed a duty to the parents to take reasonable care of their blood and the Court also stated that the parents suffered a direct injury from the defendant's negligence. The "direct" injury sustained was that the option of having an abortion was taken away from the parents who testified that had they known about the existence of Tay-Sachs, they would have aborted the pregnancy. *Id.* However, the Virginia Supreme Court has stressed that *Naccash* is limited to its particular facts. *Myseros v. Sissler*, 239 Va. 8, 9, 387 S.E.2d 463 (1990). Plaintiff also cites cases from circuit courts that have allowed recovery for such damages when the plaintiff is both a witness and an injured party, reasoning that when a person is in an accident simultaneously with another, then that person has only one role, that of an injured party who may recover for all damages flowing from the negligence. *See Smith v. Crawford*, CL99-7774 (16th Judicial Circuit, Aug. 7, 2000); *Cobb v. McDade*, L88131 (Fairfax Cir. Ct. Jan. 21, 1991); *Lennox-Beals v. Gore*, L99-607 (Hampton Cir. Ct. Judge Andrews). In line with the reasoning of those circuit court cases, plaintiff asserts that the *Hughes* case does not even apply here because *Hughes* did not involve a "common accident" as is the present case. Therefore, plaintiff contends that the Supreme Court has never dealt with *this type* of factual scenario. Plaintiff maintains that any damages flowing from the accident are recoverable whether or not there are two people involved or fifty people involved. The Court disagrees.

The case at bar is distinguishable from both *Naccash* and *Sanford*. In *Naccash*, the parents suffered injury directly in that they did not have an opportunity to decide whether or not to abort the baby as a result of defendant's negligence. This is a narrow exception to the general rule disallowing such recovery to "witnesses," because in *Naccash*, the parents were not really "witnesses" at all, they suffered a direct injury. *Naccash*, 223 Va. at 831. Additionally, in *Sanford*, the plaintiff was seeking to recover for her own distress resulting from her own injuries. This Court does not dispute that the plaintiff is entitled to any damages which are the natural and probable result of the alleged negligent act and resulting physical injury to the plaintiff, including damages for emotional distress.

The Court holds, however, that the plaintiff may not recover emotional distress damages for witnessing and living with his wife's injuries, despite the fact that he was also injured in the accident. The plaintiff himself had physical injury which allows him to pursue emotional distress damages as a natural result of the alleged negligence against him. The plaintiff does not, however, have any direct injury from witnessing his wife's injuries. Therefore, as to the

claim for damages relating to his wife's injuries, the Court finds that the claim is akin to a claim for loss of consortium, which is not recognized in Virginia. *See* Va. Code § 55-36; *Floyd v. Miller*, 190 Va. 303, 57 S.E.2d 114 (1950); *Carey v. Foster*, 221 F. Supp. 185 (4th Cir. 1963) (holding that a wife has no right or cause of action for loss of consortium due to injuries inflicted on her husband as well as the husband has no right for such damages); *see also Bolen v. Bolen*, 409 F. Supp. 1374 (W.D. Va. 1976) (stating that Virginia Code § 55-36 bars a husband from bringing an action for loss of consortium); *Alsop v. Eastern Air Lines*, 171 F. Supp. 180 (E.D. Va. 1959).

Although not necessary to this decision, the Court will address the sufficiency of the pleadings relating to his damages claim resulting from his wife's injuries. Defendants maintain that the plaintiff has not sufficiently alleged any physical injury resulting from his "fright" or "shock" or "emotional disturbance." Therefore, even if the damages were allowed, plaintiff has not properly pleaded his case. In *Delk v. Columbia/HCA Healthcare Corp.*, the court held that the plaintiff failed to sufficiently allege a claim for negligent infliction of emotional distress because she failed to allege a physical injury in her amended motion for judgment. 259 Va. 125, 523 S.E.2d 826 (2000). The court reiterated its position that there can be no recovery for emotional disturbance alone. *Id.* at 131-32, citing *Hughes, supra.* The court held that the plaintiff's conclusionary allegation "that she incurred severe mental, emotional, and physical trauma is not sufficient to support a cause of action for negligent infliction of emotional distress." *Id.* "[Plaintiff] failed to plead with specificity that she incurred a physical injury which was the natural result of fright or shock proximately caused by the defendant's alleged negligence." *Id.* Here, plaintiff alleges the following with respect to his wife and her injuries: "Additionally, as a direct result of the accident, the Plaintiff's wife suffered significant physical injuries and she has been left with a significant closed-head injury which has changed her personality, as well as her ability to interact with the Plaintiff." *MFJ* at Par. 7. "As a direct result of this accident, the injuries suffered by his wife in the same accident and the subsequent effect those injuries have had on his ability to lead his life, he has suffered great emotional upset." The Court finds that the pleadings are insufficient to state a claim for negligent infliction of emotional distress relating to his wife's injuries.

In light of the language in the *Hughes* case and the general rule in Virginia regarding recovery for bystanders or witnesses for negligent infliction of emotional distress as a separate claim, the plaintiff may not recover such damages. Both defendants' demurrer(s) are sustained as to that claim. In addition, so that it is clear to the parties, the plaintiff may recover for

emotional distress resulting from his own injuries. Therefore, to the extent defendant DeAngelis demurred to such damages, it is overruled.