# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Jason Beach

    v.

Randall Scott McKenney
and Sushi Ten, L.L.P.

April 5, 2011

Case No. 2010-224

BY JUDGE EDWARD L. HOGSHIRE

Plaintiff Jason Beach filed a Complaint against Defendants Randall Scott McKenney and Sushi Ten, L.L.P., seeking compensatory and punitive damages for injuries suffered as a result of an altercation between Plaintiff and Defendant McKenney. Defendant Sushi Ten filed a Demurrer, and the Court heard argument by counsel on March 16, 2011. For the reasons set forth below, the Court will overrule the demurrers on some counts and sustain them on others.

*Statement of Facts*

On the evening of July 2, 2008, Jason Beach, the Plaintiff, and two female friends entered the restaurant "Ten," located on the downtown pedestrian mall on East Main Street in Charlottesville and ordered beverages at the bar. (Compl. ¶¶ 5-8.) Defendant Sushi Ten, L.L.P., is the owner and operator of Ten restaurant. (Compl. ¶ 5.) While at the bar, Defendant Randall Scott McKenney (hereinafter "McKenney"), a cook and/or chef and employee of Defendant, was standing at the bar and consuming alcohol while on duty. (Compl. ¶ 9-10.) When Plaintiff began to leave the restaurant, McKenney "cat called" and yelled a derogatory comment at Plaintiff's companions. (Compl. ¶ 11.) McKenney followed Plaintiff and friends as they were leaving the restaurant and shoved Plaintiff from behind as he was exiting a stairwell on Defendant's premises and proceeded to "threaten him with obscenities." (Compl. ¶¶ 12-14.) The bartender on duty followed McKenney and restrained him while Plaintiff left the premises and walked easterly on the downtown mall. (Compl. ¶¶ 15-17.)

Thereafter, Plaintiff and friends reversed their course of direction and walked past Ten restaurant on their way to another restaurant. (Compl. ¶¶ 17.) While walking past Ten, McKenney approached Plaintiff with a large kitchen knife he had retrieved from Ten's kitchen and stabbed Plaintiff in the neck and leg. (Compl. ¶¶ 18-20.) McKenney was subsequently arrested and convicted by a jury of unlawful wounding, as set forth in Virginia Code § 18.2-51. (Compl. ¶¶ 22.)

Plaintiff filed this action against both Sushi Ten and McKenney. On September 30, 2010, default judgment was awarded against Defendant McKenney for failing to timely respond to the pleadings, as prescribed by Rule 3:8 of the Rules of the Supreme Court of Virginia. (Order of Sept. 30, 2010.) Therefore, the issues for trial are the liability of Defendant Sushi Ten and the amount of Plaintiff's damages. (*Id.*)

*Questions Presented*

1. Whether McKenney's actions were beyond the scope of his employment such that Defendant Sushi Ten cannot be liable under a theory of *respondeat superior*.

2. Whether the Complaint alleges sufficient facts to state claims for negligent and intentional infliction of mental distress separate and distinct from the claims for assault and battery.

3. Whether the Complaint alleges sufficient facts to state a claim for negligence in failing to protect an invitee from a known harm.

4. Whether an allegation that an employee had dangerous propensities to act violently, without any specific acts or incidents, is sufficient to state claims for negligent hiring and retention.

5. Whether Defendant Sushi Ten may be liable for punitive damages for claims based on *respondeat superior*.

## *Standard of Review*

A demurrer tests whether a complaint states a cause of action on which relief can be granted. *Grossman v. Saunders*, 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989). In ruling on a demurrer, the court considers the legal sufficiency of the pleadings, not disputed facts. *Welding, Inc. v. Bland County Service Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001). For the purposes of a demurrer, the court considers the facts in the light most favorable to the plaintiff. *Id.*

On demurrer, a court examines the allegations in the pleading as well as accompanying exhibits. *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 157 (1991). By filing a demurrer, the moving party admits all of the material, well-pleaded facts in the pleadings, including those expressly alleged, those that can fairly be viewed as impliedly alleged and all reasonable inferences arising from the facts alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); *Flippo*, 241 Va. at 16-17, 400 S.E.2d at 157. But the pleadings must set forth sufficient facts constituting a foundation in law for the judgment sought, not simply conclusions of law. *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132, 136 (2008) (*citing Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1, 4 (2006)). Further, the demurrer does not admit the correctness of such conclusions of law. *Ward's Equip., Inc. v. New Holland. N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (*citing Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)).

## *Analysis*

### A. *Vicarious Liability*

Defendant demurs to Counts II (Assault), IV (Battery), IX (Negligent Infliction of Mental Distress), and XI (Intentional Infliction of Mental Distress), asserting that the actions of the employee deviated so far from his duties as a cook that the employer cannot, as a matter of law, be held liable for the employee's tortious acts. (Dem. 1.) The demurrer as to all four of these counts rests on the argument that vicarious liability cannot apply in this case.

Under the doctrine of *respondeat superior*, an employer is liable for the tortious acts of its employee if the employee was performing his employer's business and acting within the scope of his employment when the tortious acts were committed. *Kensington Associates v. West*, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987); *Plummer v. Center Psychiatrists*,

252 Va. 233, 235-36 (1996). The test of liability is no longer the motive of the employee in committing the act complained of, but whether that act was within the scope of the duties of his employment and in the execution of the service for which he was employed. *Plummer*, 252 Va. at 236-37 (*citing Tri-State Coach Corp. v. Walsh*, 188 Va. 299, 305-06, 49 S.E.2d 363, 366 (1948)); *Gina Chin & Assoc., Inc. v. First Union Bank*, 260 Va. 533, 544, 537 S.E.2d 573, 579 (2000).

It is alleged that McKenney was an employee of Sushi Ten at the time of the incident; therefore, "when an employer-employee relationship has been established, 'the burden is on the [employer] to prove that the [employee] was not acting within the scope of his employment when he committed the act complained of, and . . . if the evidence leaves the question in doubt it becomes an issue to be determined by the jury'." *Kensington Associates*, 234 Va. at 432-33, 362 S.E.2d at 901 (*quoting Broaddus v. Standard Drug Co.*, 211 Va. 645, 653-54, 179 S.E.2d 497, 504 (1971)). Thus, the issue will turn on whether Defendant Sushi Ten can show that the tortious act was not committed during a service for which McKenney was employed and that the service was not performed in the ordinary course of the Defendant's business.

Plaintiff has alleged that the employee was on duty and acting within the scope of his employment at the time of the incident. (Compl. ¶ 9.) Given the broad interpretation of the scope of vicarious liability in Virginia, such issues present questions for the jury and are rarely decided on demurrer. *See Tremel v. Reid*, 45 Va. Cir. 364, 368 (1998). In *Tremel*, 45 Va. Cir. 364, 368, the court found that whether an employee's sexual assault of a Boy Scout occurred during the employee's performance of a service in the ordinary course of business was an issue for the jury. Likewise, the court in *Williams v. Dowell*, 34 Va. Cir. 240 (1994), held that a waitress's assault and battery of a customer could have resulted from a dispute concerning waitress's duties toward restaurant patrons and thus was a question of fact for the jury.

Plaintiff alleges that McKenney was on duty and standing near the bar. Although he was a cook/chef, it is not unforeseeable that his duties included circulating among the patrons in the front of the restaurant. Therefore, whether the tortious act committed by Defendant's employee during the employee's performance of his duties as a cook is a question of fact. The demurrer is overruled as to Counts II, IV, IX, and XI on these grounds.

B. *Negligent and Intentional Infliction of Mental Distress*

In addition to vicarious liability, Defendant Sushi Ten argues that Plaintiff did not plead any facts separate and apart from assault and battery sufficient to state claims of either Negligent or Intentional Infliction of Mental Distress (Counts IX and XI, respectively). (Dem. 1-2.) Although

neither party addressed this issue in their briefs in support of or opposing this demurrer, the Court will address it now.

### 1. *Negligent Infliction of Mental Distress*

In Count IX of his Complaint, Plaintiff asserts that McKenney made verbal threats against and committed assault and battery upon Plaintiff, with full or imputed knowledge by Defendant Sushi Ten. (Compl. ¶¶ 87-95.) He asserts that this assault and the employer's negligence in allowing it to happen amounts to gross negligence and outrageous and intolerable conduct that caused Plaintiff physical injury and severe mental distress resulting in financial hardship. (Compl. ¶¶ 96-99.) Defendant Sushi Ten argues that this is not a claim separate and distinct from assault and battery. (Dem. 1-2.)

An independent claim for negligent infliction of emotional distress has been recognized in Virginia. Mental anguish had previously been recognized only as an additional element of compensatory damages in actions for physical injuries. 1-26 Friend's *Virginia Pleading and Practice* § 26.11. In *Hughes v. Moore*, 214 Va. 27, 34 (1973), the Supreme Court held for the first time that mental anguish not caused by a direct physical injury will be recognized as a separate action, assuming that the plaintiff can establish certain elements: the defendant was negligent; such negligence was the direct and proximate cause of emotional distress; and the emotional distress naturally resulted in a physical injury; that is, a claim for negligent infliction of emotional distress is one where a plaintiff was not physically injured but experienced such emotional fright or shock that the emotional disturbance manifested itself in the form of physical injury. There are certain limited exceptions to the rule requiring a physical injury resulting from the emotional disturbance, which are narrowly applied. *See Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982) (allowing a claim for mental distress without physical manifestations in a wrongful birth suit); *but see Myseros v. Sissler*, 239 Va. 8, 9, n. 2, 387 S.E.2d 463, 464, n. 2 (1990) (limiting *Naccash* to its facts).

In the complaint at hand, Plaintiff alleges that assault and battery and the injury he sustained resulted in severe mental distress. (Compl. ¶ 98.) Plaintiff has the definition of the claim backward: he does not allege that he suffered a physical injury as the result of the mental distress, as is required of a claim of negligent infliction of emotional distress. As is stated, his claim of mental anguish resulting from the injuries sustained in the assault and battery is an issue of damages and not a separate cause of action. For these reasons, the demurrer is sustained as to Count IX on this ground.

In Count XI of his Complaint, Plaintiff adds to all previous allegations the claims that, through *respondeat superior*, Defendant Sushi Ten is liable for intentional infliction of mental distress because McKenney's assault and battery of Plaintiff was intentional or reckless, was outrageous and intolerable, caused physical injury and severe mental distress as a direct and proximate result, and caused a loss of earnings, an inability to carry on his business, and a loss of earning capacity. (Compl. ¶¶ 106-110.) Defendant argues that these allegations are insufficient to assert a separate and distinct claim for intentional infliction of mental distress. (Dem. 1-2.)

The Supreme Court of Virginia has stated that, "in order to recover on a claim of intentional infliction of emotional distress, a plaintiff must . . . show that (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 369 (2008); *accord Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974).

In the case at hand, Plaintiff contends that Defendant is liable for the tortious actions of its employee acting within the scope of his employment because McKenney's conduct was intentional and reckless, outrageous and intolerable, and was the direct and proximate result of Plaintiff's physical injury and severe mental distress. (Compl. ¶¶ 106-109.) As a direct and proximate result of the assault and battery, Plaintiff asserts that he has suffered financial hardship from the mental distress, namely a loss of earnings, the inability to carry on his business, and a loss of earning capacity. (Compl. ¶ 110.)

Although Defendant claims that Plaintiff did not allege any additional facts above and beyond the assault and battery claims, the allegations in Count XI clearly present additional facts sufficient to allege a claim of intentional infliction of mental distress. Defendant does not challenge the sufficiency of the facts alleged in supporting the elements of the claim but merely that, "[a]s pleaded, plaintiff's mental distress claims state no cause of action not duplicative of his assault and battery claims." (Dem. 1-2.) Because Plaintiff has pleaded additional allegations to support all four elements of the claim of intentional infliction of emotional distress, the demurrer is overruled as to Count XI on this ground.

## C. *Negligence in Failing to Protect Invitee from Known Harm*

Defendant demurs to Count V, Negligence by Sushi Ten in Failing to Protect Invitee from Known Harm, by arguing that an employer owes a duty to protect only where the harmful incident occurs on the employer's

premises, and that Plaintiff's Complaint fails to allege facts showing that the incident occurred on Defendant's property. (Dem. 2.) However, Plaintiff alleges in both Paragraph 52 of the Complaint that the initial assault occurred on the premises and Paragraph 55 that the stabbing occurred on the premises. (Compl. ¶¶ 52, 55.) Whether the actions actually occurred on property controlled by Defendant requires further evidence.

Sushi Ten also claims that the Complaint does not allege facts supporting an inference that it had knowledge that criminal assaults were occurring. (Dem. 2-3.) In Plaintiff's Complaint, however, Plaintiff asserts that another employee initially restrained McKenney and that McKenney retrieved a knife from the kitchen, both of which lead to the inference that other employees had knowledge of both the initial fight and the likelihood of probable harm by an employee wielding a knife. The demurrer as to Count V is overruled.

## D. *Negligent Hiring and Retention*

Defendant demurs to Count VI, Negligent Hiring of Unfit Servant, and Count VII, Negligent Retention of Unfit Servant. Defendant claims that Plaintiff failed to allege specific facts to support his claim that Defendant should have reasonably foreseen that the employee posed a threat or that the employee had a history of violent behavior, either before his employment or during the course of it. (Dem. 3.) Instead, the Complaint alleges that McKenney had a dangerous propensity for violence and would become dangerously angry easily. (Compl. ¶¶ 66-67.) The issue is thus whether an allegation that an employee had dangerous propensities to act violently, without alleging any specific acts or incidents, is sufficient to state claims for negligent hiring and retention.

An employer will be liable for negligent hiring for failing to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which, due to the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others. *Interim Pers. of Cent. Va. v. Messer*, 263 Va. 435, 440 (2002). Proof of the failure to investigate a potential employee's background is insufficient to establish an employer's liability for negligent hiring. *Id.*; *Majorana v. Crown Cent. Petroleum*, 260 Va. 521, 531, 539 S.E.2d 426, 431 (2000).

A few circuit courts have addressed this issue, although not in depth. In *Martha Clements v. MCV Associated Physicians*, 61 Va. Cir. 673, 676 (2002), the plaintiff alleged that the employee-physician's failure to pass his medical boards should have alerted the defendants that he was incompetent to treat patients. The court held that the plaintiff failed to allege specific facts to show that the defendants knew or should have known that

employee would commit wrongful acts, because there was no allegation that Dr. Durham's record prior to this employment indicates he would be a danger to others. *Id.*

In *Berry v. Scott & Stringfellow*, 45 Va. Cir. 240 (1998), the plaintiff brought claims of both negligent hiring as well as negligent retention based on an employee's sexual harassment of the plaintiff. The plaintiff alleged in her complaint that the employee had a propensity for sexual harassment, as evidenced by a pattern of sexual harassment by the employee toward other coworkers during plaintiff's tenure. *Id.* at 248. However, merely alleging that the employee had this propensity before he was hired did not sufficiently allege a claim for negligent hiring. The court stated that the plaintiff "must specifically allege acts of the [employee], prior to [his employment], that would have suggested to [the employer] that [he] had the propensity to sexually harass and assault female employees and was, therefore, unfit for the job." *Id.* The demurrer was sustained on this claim for failing to allege specific acts.

In the case at hand, the Plaintiff alleges that Defendant made no or only a scant inquiry into McKenney's fitness for the position, that McKenney was "a man who would become highly incensed over a simple matter, who would become dangerously angry over a slight provocation, and with dangerous propensities which placed the patrons of Sushi Ten in harm," and that these "dangerous prosperities [sic] were amplified when Defendant McKenney consumed alcohol." (Compl. ¶¶ 66-67.) Plaintiff does not allege an incident or a fact that would support the mere allegation that McKenney had a violent past that created a propensity for violence against customers of a restaurant. Like the allegations in *Berry*, McKenney's actions that occurred after he was hired cannot be used to show that he had a propensity to act dangerously before he was hired. For these reasons, the demurrer as to Count VI is sustained.

Defendant also demurs to the claim of negligent retention based on the same argument. As the court in *Berry* notes, the difference between negligent hiring and retention turns on:

> the issue of *when* an employer actually or constructively learns of the employee's dangerous propensities. . . . If an employer, after actual or constructive knowledge of an existing employee's propensity to act tortiously, negligently fails to take note of such propensity and to alleviate the negative impact on the workplace, the analysis centers only upon the decision to retain.

45 Va. Cir. at 247 (emphasis added). Thus the only difference between these claims is the timing of the employer's actual or imputed awareness of the possibility of dangerous behavior by the employee. *See id.* (citing *Paroline*

*v. Unisys Corp.*, 879 F.2d 100, 112 (4th Cir. 1989), superseded *en banc* on other grounds, 900 F.2d 27 (4th Cir. 1990), for the proposition that negligent retention is an extension of a claim for negligent hiring into a different time period). Therefore, a claim of negligent retention also requires a plaintiff to allege specific facts that, if true, alerted or should have alerted a reasonable employer that the employee posed a threat. Because plaintiff has not alleged a single fact or act taken by McKenney during his employment but before the altercation at hand that would have put Defendant on alert of his dangerous propensities, the demurrer as to Count VII is sustained.

## E. *Punitive Damages*

Finally, Defendant demurs as to Plaintiff's punitive damages claim on all counts, claiming that punitive damages are available in vicarious liability cases only when the acts were either authorized or ratified by the employer. (Dem. 3-4.) Although Defendant, in its brief, raises the argument that Plaintiff failed to allege that Defendant's actions arose to malice or a conscious disregard of others, this Court can only consider the grounds stated specifically in the demurrer. Va. Code Ann. § 8.01-273. The well-settled rule in Virginia is that punitive damages are not available against an employer under a theory of vicarious liability unless the employer participated in, ratified, or authorized the employee's action. *Hogg v. Plant*, 145 Va. 175, 181, 133 S.E. 759, 761 (1926). However, the Complaint, read fairly with all inferences taken reasonably therefrom, alleges that Defendant provided McKenney with alcohol, knew that he was physically fighting with a customer at least once, and that McKenney returned to the kitchen and was allowed to retrieve a knife owned by Defendant in order to return to a fight with the customer. (Compl. ¶¶ 10, 13-15, 18-19.)

Therefore, the Court finds that the Plaintiff has pleaded sufficient facts from which a reasonable jury could conclude that the Defendant was actually aware, from its knowledge of existing circumstances and conditions, that its conduct probably would cause injury to another and that, despite such actual knowledge, it consciously disregarded the probable harm to the Plaintiff. *See Cabiness v. Medical Facilities of Am. VIII, Ltd. P'ship*, 80 Va. Cir. 425, 432 (2010); *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487, 603 S.E.2d 916, 919 (2004); *Etherton v. Doe*, 268 Va. 209, 214, 597 S.E.2d 87, 90 (2004). As such, the Complaint supports claims that, if proven at trial, would entitle the plaintiff to seek punitive damages. The demurrer as to punitive damages on the remaining claims is overruled.

## *Conclusion*

The Demurrer is therefore overruled as to Counts II, IV, V, XI, and punitive damages and sustained as to Counts VI, VII, and IX, with leave to

amend. Plaintiff is granted twenty-one days from the date of this letter to amend his Complaint, if he so chooses.