## CIRCUIT COURT OF SUSSEX COUNTY

Trey Minga,
an infant,
by his father
and next friend,
Lewis Minga

v.

Phoenix-N-Peace
Adult Care Residence, Inc.

August 13, 2012

Case No. CL11-139

By Judge W. Allan Sharrett

The following is the Court's decision regarding Defendant's demurrer in the above-referenced matter.

### Summary of Facts

Defendant runs a group home for intellectually challenged individuals, providing supervision, guidance, education, and aid for both everyday activities and integration into society. In 2007 Defendant admitted into its care Mark Cephas, an eighteen-year-old with an IQ of 56, bipolar disorder, depression, ADHD, and behavioral issues. Phoenix-N-Peace admitted him with the understanding that he would have an extra assistant with him at all times. On October 6, 2007, Cephas stole the purse of a staff member, which the police recovered. October 8, 2007, Phoenix-N-Peace alerted the police that Cephas was trying to sell drugs. April 26, 2008, Cephas twisted a coat hanger into a crude weapon and said he wanted to hurt and kill people. The police arrived, recovered the weapon, and took him before Magistrate Urquhart, who declared that he had committed no crime. May 4, 2008, Cephas left the group home, acquired a bicycle and BB gun, and robbed at gunpoint the plaintiff Trey Minga, age nine, of his cell phone. Minga now suffers nightmares, fear of African-American men, and hysterical separation anxiety.

On March 11, 2009, this Court convicted Cephas of armed robbery and sentenced him to three years in prison. November 28, 2011, Minga filed his complaint against Phoenix-N-Peace for negligently allowing Cephas to leave his group home and inflict severe emotional distress on Minga. Defendant filed a demurrer, alleging lack of a *prima facie* case, and, on January 18, 2012, this Court held a hearing on the demurrer. Counsel submitted supplemental briefs, and the Court now offers its ruling.

## Discussion

Plaintiff alleges negligent infliction of emotional distress by the defendant, a cause of action which the legislature has not codified, but which Virginia recognizes through case law. To reach this claim, Plaintiff alleges that Defendant had a duty of care to Minga through a special relationship with Cephas by (1) taking charge of him and (2) knowing of his violent tendencies. *See Dudley v. Offender Aid & Restoration of Richmond, Inc.,* 241 Va. 270, 275 (1991); *Fox v. Custis,* 236 Va. 69, 75 (1988); Restatement (Second) of Torts § 319 (1965) ("One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."). Defendant demurred to both elements of the complaint and alleges a third defect in the lawsuit, because Minga suffered no physical injury, which Virginia requires for negligent infliction of emotional distress claims. Because Virginia requires physical injury to accompany negligently inflicted emotional distress, the Court sustains defendant's demurrer.

Historically Virginia has disfavored negligent infliction of emotional distress as a cause of action, due to potential for abuse. As a result, physical impact or manifestations of injury must accompany claims of emotional distress, with few exceptions. *Naccash v. Burger,* 223 Va. 406, 415 (1982); *Hughes v. Moore,* 214 Va. 27, 34 (1973); *Bowles v. May,* 159 Va. 419, 433 (1932).

> Where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. We hold, however, that where the claim is for emotional disturbance and physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact.

*Hughes,* 214 Va. at 34 (1973). Since Cephas did not injure Minga when he touched him while stealing his phone and Minga suffers no physical manifestations of his mental injury, he cannot directly satisfy the elements of a claim for negligent infliction of emotional distress.

Minga's claim also fails as a claim for intentional infliction of emotional distress. If negligence is so egregious it satisfies the elements of an intentional infliction of emotional distress claim, no physical injury is necessary. *Womack v. Eldridge*, 215 Va. 338, 342 (1974). Intentional infliction of emotional distress requires that (1) the original tort was intentional or reckless, (2) the conduct was outrageous and intolerable, (3) the conduct was causally connected to the mental distress, and (4) the emotional distress is severe. *Id.* While Plaintiff argued that the intentional conduct of Cephas should trigger liability as intentional conduct, Cephas is not the defendant. Minga sued Phoenix-N-Peace, and only its own conduct can trigger liability. While allowing Cephas to slip out from the residential facility might have been negligent, it was neither intentional, reckless, outrageous, nor intolerable, and thus does not satisfy a claim for intentional infliction of emotional distress.

While neither of these causes of action directly applies to Minga's situation, the Virginia Supreme Court allows a limited exception to the rule that physical injury must accompany mental injury, though Minga does not satisfy it. When a claim for negligent infliction of emotional distress directly and causally relates to the event, is clearly not spurious, and the defendant had a duty of reasonable care to the plaintiff, the plaintiff need not show physical manifestations of mental distress. *Naccash*, 223 Va. at 416. However, twice in dicta, the Virginia Supreme Court has restricted *Naccash* exceptions to other wrongful birth suits with clearly distressing facts, and numerous circuit courts have followed suit. *Myseros v. Sissler*, 239 Va. 8, 9, n. 2 (1990); *Bulala v. Boyd*, 239 Va. 218, 226, n. 1 (1990); *Beach v. McKenney*, 82 Va. Cir. 436, 440 (Charlottesville 2011); *Villnow v. DeAngelis*, 55 Va. Cir. 324, 327 (Norfolk 2001); *Umbel v. Crider*, 50 Va. Cir. 352, 353 (Rockingham Co. 1999); *McDonald v. Hoard*, 48 Va. Cir. 421, 429 (Charlottesville 1999) (vacated on other grounds); *Litton v. Cann*, 47 Va. Cir. 334, 338 (Wise Co. 1998); *Shifflett v. Food Lion*, 45 Va. Cir. 475, 478 (Albemarle Co. 1998);[1] *Chen v. Genetics & IVF Inst.*, 40 Va. Cir. 410, 411 (Fairfax Co. 1996); *Hatch v. Musgrove*, 50 Va. Cir. 544, 547 (Norfolk 1996); *Dwyer v. Scurlock*, 23 Va. Cir. 326, 329 (Fairfax Co. 1991); *Hall v. Nord*, 21 Va. Cir. 372, 373 (Fairfax Co. 1990). Even if the Virginia Supreme Court originally made its ruling as dicta, the prodigious number of courts adhering to it indicates that *Naccash* is limited exclusively to wrongful birth suits. Thus, Minga must allege a physical manifestation of mental distress, which he has not; therefore, defendant's demurrer is sustained.

This holding is also consistent with the rationale for limiting negligent infliction of emotional distress cases to only cases with physical

---

[1] Curiously, a month before deciding *Shifflett v. Food Lion*, 45 Va. Cir. 475 (Albemarle Co. 1998), Judge Peatross allowed a *Naccash* exception in dicta in *Tremel v. Reid*, 45 Va. Cir. 364, 366 (Albemarle Co. 1998), which involved a sexual assault, not wrongful birth. Since *Shifflett* came after *Tremel*, this court believes it may disregard *Tremel* as superseded.

manifestations of injury. That cause of action is limited in order to reduce the number of potentially frivolous lawsuits. *See Naccash*, 223 Va. at 416. Plaintiff waited two and a half years after the robbery to file suit in this case and has only alleged more serious versions of common childhood problems. Furthermore, Minga did not sue Cephas, who directly harmed him; he sued Phoenix-N-Peace. While a jury may have found Minga's claims genuine, they are in the borderline territory that the rule requiring physical injury tries to dissuade. Thus, the Court cannot weigh the spirit of the law against the letter of it, since they both point in the same direction in this case.

### *Conclusion*

Because Minga lacks the physical manifestation of injury which Virginia requires for claims of negligent infliction of emotional distress, the Court sustains Defendant Phoenix-N-Peace's demurrer. Thus, the Court does not need to address the issues of taking charge and knowing of Cephas' violent tendencies.

The Court would add in dicta that, if it had addressed the other two issues, it would have found that 24-hour supervision exceeded the requirement to take charge and that Defendant had knowledge of Cephas' violent tendencies. In *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 130-31 (2000), and *Dudley v. Offender Aid & Restoration of Richmond, Inc.*, 241 Va. 270 (1991), the defendants exercised less than continuous care but were still liable. Even if Defendant could not legally lock Cephas in the group home, if his companion followed him from the home, Cephas would never have harmed Minga. Additionally, since Defendant knew Cephas had past behavioral problems before he even moved in, they were on notice that he was a safety risk as soon as he said he wanted to hurt or kill people.